Robert B. Poole, Appellant, *v.* Beriah B. Belcha, Respondent.

The provision of the Code of Civil Procedure (§ 66) giving to an attorney, who appears for a party in an action, "a lien upon his client's cause of action, or counter-claim, which attaches to a * * * judgment in his client's favor," does not prevent the parties to the action from settling the same, or the client from releasing a judgment in his favor.

While the lien cannot be affected by a release of the judgment, and while, *it seems*, if a release has the effect to defraud the attorney, the court may and should set it aside in order to protect the lien, the judgment will not be kept alive after the release unless necessary for the protection of the attorney. Until the lien is asserted in some way, the judgment remains the property of the client.

In order, therefore, to warrant the court in disregarding a settlement and release made between the parties in an action, it must be shown that to give full effect to them will operate as a fraud upon the attorney, or to his prejudice by depriving him of his costs, or turning him over to an irresponsible client.

On motion at General Term for an order striking from the calendar an appeal to that court and affirming a judgment for the defendant entered upon a verdict, on the ground of failure of the appellant to make and serve a case, it appeared that the plaintiff had paid the judgment and defendant had executed a release thereof under an agreement that each party would pay his own attorney; there was no evidence that defendant's attorney would be prejudiced by allowing the settlement to stand, or that the client was not able and willing to pay. *Held*, that the granting of the order was error; that it was not made upon the theory of protecting any lien of defendant's attorney, but was made in an ordinary proceeding in the action in which the attorney represented only his client, and so must be treated as if made upon application of defendant in person, and when it appeared that the judgment had been paid and plaintiff released, at least in the absence of some showing that the attorney would be prejudiced by allowing the release, the court should not have permitted any further proceedings in the cause.

(Argued February 2, 1892; decided February 12, 1892.)

Appeal from order of the General Term of the Supreme Court in the third judicial department, made September 8, 1891, which struck from the calendar an appeal and affirmed a judgment.

The material facts are stated in the opinion.

*James Coupe* for appellant. The parties to an action have always had the right to settle their matters in litigation before or after judgment and satisfy and discharge judgments, independent of their attorneys. (*Lee* v. *V. O. Co.*, 126 N. Y. 579; *Walsh* v. *F. N. S. & C. R. R. Co.*, 11 Hun, 190; *Roberts* v. *Doty*, 31 id. 128; *Wright* v. *Wright*, 70 N. Y. 98; *Quinlan* v. *Birge*, 43 Hun, 484; *Murray* v. *Jibson*, 22 id. 386; *Jenkins* v. *Adams*, 22 id. 600; *Dimick* v. *Cooley*, 3 Civ. Pro. Rep. 142; *Tuttle* v. *Village of Cortland*, 21 Wkly. Dig. 528; *Carter* v. *G. F. Co.*, 5 Civ. Pro. Rep. 146; 98 N. Y. 660; *State* v. *Wadsworth*, 13 Civ. Pro. Rep. 33; *Cook* v. *Palmer*, 19 Abb. Pr. 372; *Brown* v. *Comstock*, 10 Barb. 67; Code Civ. Pro. § 66; *Root* v. *Van Duzen*, 32 Hun, 64.) After the execution and delivery of the release and the settlement, and satisfaction of the judgment and litigation by the parties, the counsel for the defendant had no right to proceed with the appeal and procure an order affirming the order appealed from with costs to the defendant. (*Cook* v. *Palmer*, 19 Abb. Pr. 372; *Brown* v. *Comstock*, 10 Barb. 67.) The defendant's attorney should pursue the $300 paid to his client by the plaintiff. It was the proceeds of the judgment upon which he had his lien. (Code Civ. Pro. § 66; *Quinlan* v. *Birge*, 43 Hun, 485; *Lee* v. *V. O. Co.*, 126 N. Y. 579; *Murray* v. *Jibson*, 22 Hun, 386; *Demick* v. *Cooley*, 3 Civ. Pro. Rep. 142; *Jenkins* v. *Adams*, 22 Hun, 600; *Coster* v. *G. F. Co.*, 5 Civ. Pro. Rep. 146; 98 N. Y. 660.)

*Eugene E. Sheldon* for respondent. The settlement was not a defense to the motion. The action and appeal were not discontinued. There can be no discontinuance without an order. (*Carleton* v. *Darcy*, 75 N. Y. 376.) The respondent's attorneys have a lien upon the judgment in the action. (Code Civ. Pro. § 66.) It was within the power and a proper exercise of the discretion of the court to allow respondent under the circumstances to proceed with the appeal sufficiently to allow an affirmance, at the same time staying respondent's proceeding thirty days to give the appellant an opportunity to make a

motion upon notice for satisfaction or discontinuance, or take
such other action as he might be advised. (Code Civ. Pro.
§ 66 ; *Keeler* v. *Keeler*, 21 N. Y. S. R. 666 ; *Coster* v. *G. F. Co.*,
5 Civ. Pro. Rep. 146 ; *Minto* v. *Bauer*, 27 N. Y. S. R. 518 ;
25 id. 559 ; *Wilber* v. *Baker*, 25 Hun, 25.) The order is not
appealable. (*King* v. *Barnes*, 107 N. Y. 645 ; *Lawrence* v.
*Farley*, 73 id. 188 ; *Salmon* v. *Gedney*, 75 id. 482 ; *Carleton*
v. *Darcy*, Id. 376 ; *In re W. W. W. Co.*, 85 id. 481 ; *Byron* v.
*Durrie*, 6 Abb. [N. C.] 135.)

O'BRIEN, J. This is an appeal from an order of the Gen-
eral Term striking an appeal to that court from the calender
and affirming, with costs, a judgment for the defendant entered
upon a verdict. The action was brought to recover certain
specific personal property which was delivered to the plaintiff
at the commencement of the action. On the trial the plaintiff
failed and a verdict was rendered for the defendant. A motion
was made by the plaintiff for a new trial on the minutes, which
was denied June 24, 1887. The plaintiff appealed to the
General Term from this order July 23, 1887. Judgment was
entered on the verdict December 1, 1887, but no appeal was
taken from this judgment. October 25, 1887, the plaintiff
served a proposed case containing exceptions and subsequently
amendments thereto were served by the defendant but the case
was not filed or certified, and no copy was served on the
defendant's attorney. On an affidavit showing these facts the
defendant's attorney gave notice of a motion to be made at the
General Term, September 8, 1891, for an order striking the
appeal from the calendar and for an affirmance of the judg-
ment. The verdict upon which the judgment was entered
was for $286.25, the value of the property as found by the
jury. The motion to strike the cause from the calendar and
affirm the judgment was met by an affidavit on the part of the
plaintiff showing that on September 2, 1891, the plaintiff paid
to the defendant $300 and settled the case. That upon such
settlement it was agreed that each party should pay his own
attorney and thereupon the defendant executed and delivered

to the plaintiff a general release under seal, a copy of which was attached to the affidavit. It is as broad and comprehensive in its terms as words could make it. It releases and discharges all actions, causes of action, suits, debts, bonds, judgments, executions, controversies and demands whatsoever, in law or in equity, which the defendant then or ever had against the plaintiff or might have thereafter. This instrument was duly acknowledged and the question is whether the General Term, under such circumstances, could properly have made the order appealed from. The payment of the $300 by the plaintiff to the defendant and the execution and delivery of the release operated, as between the parties at least, to satisfy and discharge the judgment and to discontinue the appeal unless the judgment and appeal, notwithstanding the release, is kept on foot by the provisions of section 66 of the Code. This section provides that "the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof in whosesoever hands they may come," and this lien cannot be affected by any settlement between the parties before or after judgment. This provision does not prevent parties from settling and releasing judgments, suits and controversies. If the release has the effect of defrauding the defendant's attorney of his costs the court has the power to and should set it aside and protect the attorney's lien. But there was nothing shown on the motion to lead the court to believe that the attorney needed any protection. For aught that appears his client is able and willing to pay all his reasonable and proper charges and if this is so why should the parties be prevented from settling the litigation in their own way. Neither the judgment nor the appeal should, under the circumstances, be kept alive after the release between the parties unless necessary for the protection of the attorney and this is not claimed or suggested. In order to warrant the court in disregarding a settlement and release made in an action it must be shown that to give full effect to them will operate as a fraud upon the attorney or at least to his

prejudice by depriving him of his costs or turning him over to an irresponsible client.

The record does not present any such question. The order appealed from was not made upon the theory of protecting any lien that the defendant's attorney had. It was made upon a motion to strike the cause from the calendar and affirm the judgment, an ordinary proceeding in a cause in which the attorney represented only his client, and not any interest in the costs that he had himself. For the purposes of this question the order must be treated as if it was obtained upon the application of the defendant in person, after he had been paid the judgment and had delivered the release. No one would then claim that he was entitled to proceed any farther with the case. The lien secured to an attorney by section 66 of the Code does not prevent the party who owns the judgment from receiving payment thereof and executing a discharge. When it is shown that such payment or discharge will operate to deprive the attorney of his costs, the court has power to protect him, but it cannot be assumed that a settlement is in fraud of his rights. Until the lien of the attorney is asserted in some way, the judgment remains the property of the client. (*Wehle* v. *Connor*, 83 N. Y. 237.)

We have had occasion recently to pass upon this question in another case. (*Lee* v. *V. O. Co.*, 126 N. Y. 579.) There the attorney not only had the statutory lien for costs, but by agreement was entitled to a part of the recovery. On the point now under consideration, RUGER, Ch. J., said: "We are of the opinion that the existence of such a lien in favor of the attorneys does not confer a right on them to stand in the way of a settlement of an action which is desired by the parties, and which does not prejudice any right of the attorneys. We do not think that such an agreement deprives a party of the right to control the management of his own cause, and to determine when the litigation shall cease and how far it shall be extended. The client still remains the lawful owner of the cause of action, and is not bound to continue the litigation for the benefit of his attorneys when he judges it prudent to stop,

providing he is willing and able to satisfy his attorney's just claims."

When it appeared that the plaintiff had paid the judgment and the defendant had released him, in the absence of some showing that the attorney would be prejudiced by allowing the settlement to stand, the court should not have permitted any further proceedings in the cause. It follows that that part of the order which affirmed the judgment after payment and discharge of the same was erroneous, and should be reversed.

All concur.

Order reversed.