WILLIAM F. BAILEY, Respondent, *v.* NICHOLAS MURPHY, Appellant.

After judgment herein against plaintiff a settlement was made by the parties for a sum much less than the recovery; plaintiff executed a satisfaction piece without the knowledge of his attorney, and with no provision for his payment; plaintiff, who was wholly irresponsible, immediately thereafter absconded. *Held*, that an order vacating and setting aside the satisfaction as against the attorney's claim was proper; but that the court had no power to determine the amount of compensation due the attorney, if any, over the taxed costs; and so, that a provision in the order fixing a counsel fee as due beyond such costs was error.

(Submitted October 17, 1892; decided November 29, 1892.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made February 11, 1889, which affirmed an order of Special Term setting aside a satisfaction of a judgment executed by plaintiff and authorizing plaintiff's attorney to enforce his lien upon said judgment for his costs and counsel fees as fixed.

*Irving Brown* for appellant. The court had no right to fix a counsel fee arbitrarily. (10 Abb. [N. C.] 391; *Randall* v. *Van Waggenen,* 115 N. Y. 527; *Lee* v. *V. O. Co.,* 127 id. 579; *Parle* v. *Belcha,* 131 id. 200.'

*Alonzo Wheeler* for respondent. The attorney has a lien which attaches to the judgment, which cannot be affected by any settlement between the parties. (Code Civ. Pro. § 66; *Whittaker* v. *N. Y. & H. R. R. Co.,* 18 Abb. [N. C.] 15; *Smith* v. *Baum,* 67 How. Pr. 277; *Tullis* v. *Bushnell,* 65 id. 465; *Quinlan* v. *Birge,* 43 Hun, 483; *In re Bailey,* 85 N. Y. 629; *Stahl* v. *Wadsworth,* 13 Civ. Pro. Rep. 32.)

FINCH, J. The affidavits read on this motion sufficiently show that the settlement made by the plaintiff in the judgment was in fraud of his attorney and injuriously affected his

rights. The settlement was made for an amount much smaller than the recovery, accepted by the plaintiff without the knowledge of his attorney and with no provision for his payment, and the former immediately absconded and left the state, and is alleged to be wholly irresponsible. Under such circumstances, the order of the Special Term vacating and setting aside the satisfaction entered of record as against the claim of the attorney for his compensation was proper, and should be affirmed without modification so far as it awards that relief. But it went further. It assumed to fix a counsel fee of one hundred dollars, as due from the plaintiff to his attorney, beyond the taxed costs to be protected by the lien. On this motion the court was not at liberty to determine the amount of compensation due to the attorney, if any, over and above the amount of the taxed costs. The latter were presumptively the measure of the attorney's right, and if he was entitled to more by virtue of some express or implied agreement, that amount must be first liquidated in some proper action between the attorney and his client, and cannot be arbitrarily determined upon a motion to vacate the satisfaction entered. The client has the same right to defend against such an asserted liability as belongs to him when any other claim is alleged, the existence or amount of which he disputes.

The order should be modified by striking out so much of it as awards a counsel fee, and, as modified, affirmed, without costs to either party on this appeal.

All concur.

Ordered accordingly.