Thomas M. Hart, Respondent, *v.* The Mayor, Aldermen and Commonalty of the City of New York, Appellant.

*Attorney and client — contingent fee — settlement of the suit by the client — prosecution of the suit by the attorney for his own benefit.*

The provisions of section 66 of the Code of Civil Procedure, which make an attorney's compensation a matter of agreement, and give him a lien therefor upon his client's cause of action which cannot be affected by any settlement between the parties, do not prevent a party, who has given his attorney a right to a specific share in any amount that may be recovered by judgment or settlement, from settling the action, in good faith, without the attorney's consent, and after notice of his lien to the opposite party.

Where, however, the client is not responsible, and the payment of the whole amount of the settlement to him might result in prejudice to the attorney, it is the duty of the court to permit the attorney to proceed with the action for his own benefit, unless his share of the amount of the settlement is paid to him within a specified time.

Appeal by the defendant, the Mayor, Aldermen and Commonalty of the city of New York, from an order of the Supreme Court, made at the New York Special Term at Chambers, and entered in the office of the clerk of the city and county of New York on the 3d day of March, 1893, granting leave to the plaintiff's attorney, John C. Robinson, to prosecute the suit to final judgment, for his own benefit, in order to recover the amount of his lien for services.

*Sidney J. Cowen,* for the appellant.

*L. E. Chittenden,* for the respondent.

O'Brien, J.:

This action was brought for the recovery of $2,040, plaintiff's salary as an inspector of masonry. An agreement was made between the plaintiff and his attorney, Robinson, that in consideration of professional services to be rendered in the action the attorney was to have half of the claim or fifty per cent of the recovery. Notice of this agreement was served on counsel for defendant.

The latter endeavored to reach a settlement with the plaintiff and his attorney, but an impediment to this was encountered in the person of the attorney, who refused to assent to a settlement. Subse-

quently the defendant settled with plaintiff, in the face of the attorney's notice of lien, for the sum of $800. This settlement and the release to defendant were then interposed by an amended answer. The plaintiff's attorney then moved for an order to be permitted to prosecute the action for his own benefit, which at first was denied upon the ground that no leave was necessary and that the attorney could proceed with the action. Thereafter, on the case being reached for trial before the same judge who denied the motion, he concluded, contrary to his former opinion, that leave of the court was necessary, and thereupon granted leave to apply anew, which was done, and such leave was granted by an order, from which the defendants now appeal.

The question of an attorney's lien and the mode of its enforcement have frequently been before our courts, and many cases might be cited which carefully review these subjects as they existed prior to and since the enactment of the present section 66 of the Code of Civil Procedure. As the latter is now controlling, it would be useless to go over the ground already covered, it being sufficient upon the facts here appearing to refer to a few of the cases which have come before the courts since the enactment of the section of the Code referred to and deduce therefrom our conclusion. Section 66 of the Code provides that. " the compensation of an attorney or counsellor for his services is governed by agreement express or implied." In addition, it gives the attorney a lien upon the client's cause of action, and prescribes that it is not to be affected " by any settlement between the parties before or after judgment.

The construction placed upon this section is that the lien which thus attaches in the attorney's favor cannot be impaired or destroyed by collusion or fraud, and in cases where this is made to appear the court has undoubted power, and will exercise it, to set aside a judgment, if such has been procured in an action, to the end that an attorney may proceed and enforce the lien or claim upon the cause of action. The authorities, therefore, which bear upon cases wherein the element of fraud or collusion is present are to be carefully distinguished from a case which presents facts similar to those in the case at bar. There is no suggestion here of fraud or collusion, but a question as to whether or not a person who has given to his attorney a right to one-half of any amount that may be recov-

ered by judgment or by way of settlement as and for his compensation, is thereby debarred and prevented from settling the action without such attorney's consent; and if the client makes such settlement in good faith, whether the action can thereafter be prosecuted for the benefit solely of the attorney.

As already shown, the section (66) provides that the compensation is to be determined by agreement express or implied. The notice served upon, and which binds the defendant, states that the attorney has " a lien on the cause of action herein to the amount of one-half of any judgment, settlement or recovery therein, for professional services rendered to the plaintiff in this action, and I request you to make no settlement thereof with any person except myself without due notice to me and provision for the payment of the amount of said lien."

We do not think that it can be seriously contended that this form of notice should be so construed as to be extended in favor of respondent's view that the plaintiff had divested himself of all right of settlement. Its language is plain that the attorney was to have one-half of the amount of any settlement for his professional services, and this is followed, it is true, by a request that the defendant should make no settlement except with the attorney. After having attempted, however, to negotiate such a settlement with the attorney and failed, it was entirely legal for the defendant to settle with the plaintiff and thus buy its peace. As said in *Lee* v. *V. O. Co.* (126 N. Y. 587): " We are of the opinion that the existence of such a lien in favor of the attorneys does not confer a right on them to stand in the way of a settlement of an action which is desired by the parties and which does not prejudice any right of the attorneys. We do not think that such an agreement deprives a party of the right to control the management of his own cause and to determine when the litigation shall cease and how far it shall be extended. The client still remains the lawful owner of the cause of action and is not bound to continue the litigation for the benefit of his attorneys when he judges it prudent to stop, provided he is willing and able to satisfy his attorneys' just claims. In fact, the lien under the agreement was intended for and operates only as a security for the attorneys' legal claims, and unless those are prejudiced by the client's contract she has unrestricted control of

the subject of the action and the terms upon which a settlement shall be effected." And in *Pool* v. *Belcha* (131 N. Y. 204), it is said : " The lien secured to an attorney by section 66 of the Code does not prevent the party who owns the judgment from receiving payment thereof and executing a discharge. When it is shown that such payment or discharge will operate to deprive the attorney of his costs, the court has power to protect him, but it cannot be assumed that a settlement is in fraud of his rights. Until the lien of the attorney is asserted in some way the judgment remains the property of the client." And in the same case it is said : " In order to warrant the court in disregarding a settlement and release made in an action, it must be shown that to give full effect to them will operate as a fraud upon the attorney or at least to his prejudice, by depriving him of his costs or turning him over to an irresponsible client."

Here it is made to appear that the plaintiff is not responsible and the payment of the whole amount of $800 might result in prejudice to the attorney, and we think that upon this fact appearing, it was the duty of the court to have permitted the attorney to proceed with the action unless, within a time to be fixed in the order, one-half of the amount given upon the settlement was paid to the attorney.

The order should, therefore, be so modified, and as thus modified affirmed, without costs to either party.

VAN BRUNT, P. J., concurred.

Order modified as directed in opinion, and as modified affirmed, without costs to either party.