(4 Misc. Rep. 259.)

ADAMS v. STILLMAN.

(City Court of New York, General Term. June 19, 1893.)

COUNTERCLAIM—JUDGMENT FOR COSTS ONLY—RIGHTS OF ATTORNEY.
    Where a judgment is for costs only, the attorney of record for the successful party is, by force of law, the owner thereof; and hence such attorney may set up the judgment as a counterclaim in another action on contract brought against him by the defeated party in the former action.

Appeal from trial term.

Action by Charles W. Adams against Granville S. P. Stillman on a promissory note. From a judgment in plaintiff's favor, and an order denying defendant's motion for a new trial, defendant appeals. Reversed.

Argued before McGOWN and VAN WYCK, JJ.

G. S. P. Stillman, in pro. per.

J. N. Williams, for respondent.

VAN WYCK, J. Plaintiff sues upon two of defendant's notes, payable to the order of plaintiff's copartnership firm, and by such firm transferred to him. The defendant sets up, by way of counterclaim, recovery of a judgment against this plaintiff for this defendant's costs only, in another action, in which this plaintiff was the plaintiff therein against one Roberts, as defendant therein, and in which Stillman, the defendant herein, was the attorney of record for Roberts, and prosecuted that action to successful determination by obtaining such judgment against plaintiff for this defendant's costs only. The plaintiff does not deny any of the allegations of this counterclaim, and testifies that "he was beaten in that action of his, [against Roberts,] and the judgment for costs was entered up against him, and that he has not paid it." The ruling below was that this was not a good counterclaim, and to which defendant excepted. This judgment being for costs only, the attorney of record for the party successful therein became, by force of law, the owner of such judgment, and, as it was against this plaintiff, it is a good counterclaim in this action against such attorney. The judgment being for costs only, the attorney is to be regarded as the equitable assignee thereof, and the record is in itself legal notice of the lien, which cannot be discharged by payment to any one but the attorney. Marshall v. Much, 51 N. Y. 143. Hence its allowance as a counterclaim herein cannot subject this plaintiff to liability to the defendant in the other action, for such defendant has no claim to or interest in the same, nor could he assign or satisfy it without the consent of the attorney. Under section 449 of the Code the action must be prosecuted in the name of the real party in interest, whether he be a legal or equitable assignee of the cause of action. Hence, if it should become necessary to bring an action upon a judgment for costs only, the same should be commenced in the name of the attorney of record to whom the costs and judgment for same belong. Kipp v. Rapp, 7 Civil Proc. R. 385. If the attorney can maintain an action upon such judgment, (a contract of the highest order,) he can certainly counterclaim upon the same in action on contract. The judgment and order denying new trial should be reversed, and new trial granted, with costs to appellant, to abide the event.