(7 Misc. Rep. 386.)

PEOPLE ex rel. REYNOLDS et al. v. COMMON COUNCIL OF CITY OF BUFFALO.

(Superior Court of Buffalo, Special Term. February, 1894.)

ATTORNEY AND CLIENT—RIGHT TO TAXABLE COSTS.

Costs awarded in an action belong to the attorney where they are for services rendered by him; and the employment of counsel by the party to assist the attorney does not affect the attorney's right.

Proceeding by Edgar P. Reynolds and others against the common council of the city of Buffalo.

O. O. Cottle, for relators.

M. Shire, for Daniel McIntosh.

TITUS, C. J. This motion is brought before me on an order to show cause why the judgment entered herein should not be amended by directing the payment of the costs therein to Daniel McIntosh, instead of the relators. The taxable costs in this case accrued in proceedings instituted by Amelia E. Reynolds to compel the defendant to pay her the amount of an award for damages sustained by her property in opening Elmwood avenue. Daniel McIntosh, a counselor of this court, was the attorney for Mrs. Reynolds in the various proceedings therein had, and Mr. O. O. Cottle was her counsel. After the case had been taken to the court of appeals, Mrs. Reynolds died, and the plaintiffs, as her representatives, were substituted as parties plaintiff, and Mr. Cottle was employed by them, and substituted as attorney of record in the place of Mr. McIntosh, and proceeded to tax the costs of the proceeding at $352.73, and entered a judgment directing the defendant to pay that amount, with the award, to the plaintiffs. A warrant for the same has been made out by the defendant to O. O. Cottle, and is now in the hands of the comptroller, awaiting the decision of this motion.

The Code provides (section 3228) that the costs awarded in an action belong to the party, but, where they are for services rendered by an attorney in a case, for all ordinary legal purposes they belong to the attorney. In re Bailey, 31 Hun, 608; Marshall v. Much, 51 N. Y. 140. It seems to me, therefore, that Mr. McIntosh, being the attorney of record for Mrs. Reynolds, and as such having charge of the case, is entitled to the costs. I cannot find that, as between attorney and client, this doctrine has ever been questioned in this state. The terms of the agreement which the plaintiffs claim to have been made are not fully set out in the affidavits, and no copy has been furnished me. It may be conceded that an attorney of record has the right to make an agreement surrendering his taxable costs to his client, but the court should be satisfied by an examination of the agreement that such was the intent of the parties, before holding that such a contract had been entered into. In con-

sidering this question I have not assumed that such a contract was made. It is customary in the profession to employ counsel to assist the attorney of record in difficult cases, but that concerns the party, and he cannot thereby deprive the attorney of record of his right to the taxable costs; nor can a party employ counsel, and call upon the attorney to pay him out of his agreed compensation. Mead v. Tuckerman, 105 N. Y. 560, 12 N. E. 64. The motion should be granted, and the judgment entered herein be amended so as to require the defendant to pay Daniel McIntosh the amount of the costs as taxed by the clerk.

Motion granted.