(24 Civ. Proc. R. 55; 9 Misc. Rep. 562.)

## GULIANO v. WHITENACK.

(Common Pleas of New York City and County, Special Term. September, 1894.)

1. COSTS—RIGHT OF ATTORNEY.
    Costs are the property of the attorney.
2. ATTORNEY'S LIEN—ASSIGNMENT OF JUDGMENT.
    An attorney's lien for compensation attaches to the judgment in the hands of an assignee for value, without actual notice; a fortiori if there be such notice.
3. SAME—COLLUSIVE SATISFACTION.
    A collusive satisfaction of judgment will be set aside in favor of the attorney's lien; and, semble, even though the satisfaction be without intent to defraud the attorney.
4. SAME—INVALIDITY TO EXTENT OF LIEN.
    On a motion to set aside such satisfaction, the court, upon evidence, may determine the extent of the attorney's lien, and set aside the satisfaction to that amount.
5. SAME—ENFORCEMENT.
    In a proceeding to enforce an attorney's lien on a judgment, neither the judgment debtor nor an assignee of the judgment can impeach it, for lack of authority to prosecute the action in which the judgment issued.

(Syllabus by the Court.)

Action by Antonio Guliano against John H. Whitenack to recover damages for personal injuries. Judgment was rendered in favor of plaintiff, and his attorney now moves to enforce his lien against said judgment in the hands of an assignee thereof. Granted.

J. Wamsley, for the motion.
Smith & Dougherty, contra.

PRYOR, J. In action for personal injury the plaintiff had judgment for damages and costs. An assignee of the judgment has given a formal satisfaction of it, and now plaintiff's attorney moves to set aside the satisfaction, on the ground that it is in fraud of his lien. By contract with the client the attorney was to receive, in

compensation of his services, one-third of the damages recovered. Notice of the agreement was communicated to the defendant with the service of the summons. The judgment is for $250 damages and $174.76 costs. The attorney has been paid no part of his fee or costs, and it is conceded that the client is irresponsible. The assignee resists the application to vacate the satisfaction on the ground, among others, that the prosecution of the action was without the authority, and, indeed, against the will of the plaintiff. I do not so find the fact. But, in any event, the client suffered the case to go to judgment without challenging the authority of the attorney; and it is now too late to impeach the judgment for that infirmity. Moreover, the assignee claims to be owner of the judgment for value, and the defendant asserts that he has given value for its satisfaction. How, then, can either be heard to say that it is invalid? Any question as to its validity is beside the scope of the present controversy (Whittaker v. Railroad Co., 18 Abb. N. C. 11, 18), which is whether the satisfaction shall prevail against the attorney's lien. From the principle that an assignee of a judgment takes subject to equities, and acquires no better right than has his assignor (Gates v. De la Mare [Sup.] 20 N. Y. Supp. 837), and from the express provision of the Code (section 66) that an attorney's lien attaches to the judgment, "in whosesoever hands," it results that the attorney is not barred of relief, even by a transfer for value without notice and a bona fide satisfaction of the judgment. I do not concede, however, that the assignment by the plaintiff, the employé of defendant, to the defendant's son, was in good faith. On the contrary, I conclude, from the facts before me, that the assignment and the satisfaction both were made with knowledge of the attorney's lien, and collusively with intent to defraud him of his compensation. It follows, therefore, that the satisfaction must be vacated and the attorney's lien enforced to the extent of his rightful claim. Bailey v. Murphy, 136 N. Y. 50, 32 N. E. 627; Poole v. Belcha, 131 N. Y. 200, 30 N. E. 53; Ward v. Wordsworth, 1 E. D. Smith, 598. That claim is not in controversy. The attorney is entitled to the costs by legal right (Marshall v. Much, 51 N. Y. 140; In re Bailey, 31 Hun, 608; People v. Common Council of Buffalo, 7 Misc. Rep. 386, 28 N. Y. Supp. 158; Adams v. Stillman, 4 Misc. Rep. 259, 23 N. Y. Supp. 810); and here the amount of his fee is fixed, by express agreement with the client, at a fair and equitable sum. To ascertain on this motion the extent of the attorney's lien is not an arbitrary determination, within the ruling in Bailey v. Murphy, 136 N. Y. 50, 32 N. E. 627, but is an adjudication upon evidence in an appropriate proceeding. Whittaker v. Railroad Co., 18 Abb. N. C. 11. Let an order be entered vacating and setting aside the satisfaction of judgment to the extent of the attorney's just demand, namely, $258.09, the aggregate sum of his costs and interest in the damages, with $10 costs of motion.