Philip Drago, Respondent, v. James H. Smith, Appellant.

*Municipal Court of Buffalo — action by a laborer to recover for services — settlement of the claim by the laborer — the plaintiff's attorney has no lien for services.*

The provisions of section 66 of the Code of Civil Procedure, giving an attorney a lien upon his client's cause of action, do not apply to the Municipal Court of Buffalo.

Prior to the passage of chapter 805 of the Laws of 1895, giving to an unskilled laborer in the city of Buffalo who has a family dependent upon him for support, and who recovers a judgment for his labor in a sum less than twenty-five dollars, certain statutory and other costs, and also the remedy of a body execution against his debtor in a case where an execution against property has been returned unsatisfied, such a laborer had a right to settle with his debtor an action brought against his debtor for labor performed; and he could make such a settlement without regard to the rights of an attorney who had been employed by him to bring the action in the Municipal Court of Buffalo.

The attorney had no right, before the passage of the act of 1895, to continue such an action after it had been settled by his client, with a view to recovering the statutory costs.

Appeal by the defendant, James H. Smith, from a judgment of the Municipal Court of the city of Buffalo, entered on the 18th day of June, 1895, upon the decision of the court rendered after a trial of the action.

*Frank Harding*, for the appellant.

*Clinton A. Webster* and *Frank P. Marquis*, for the respondent.

Ward, J.:

This action was brought in the Municipal Court of Buffalo by the plaintiff against the defendant on the 11th day of May, 1895, to recover seven dollars and eighty-seven cents for work performed as a common laborer under section 458 of the charter of the city of Buffalo, which gives the common laborer, who has a family dependent upon him for support and recovers a judgment for less than twenty-five dollars for his labor, eight dollars as statutory costs in addition to the costs and disbursements of the action, and the remedy of a body execution against his debtor upon the return of a property execution unsatisfied. Issue was joined May 21, 1895, by an answer denying the allegations of the complaint.

The case was adjourned from time to time until June fourth, when it was tried upon the stipulation of the parties' attorneys. The stipulation embraced a receipt as follows:

"BUFFALO, N. Y., *May* 25, 1895.

"Received of James H. Smith full amount of all claims or demands against him for work and services done for him previous to this date, and for which suit is now pending in the Municipal Court, entitled Philip Drago vs. James H. Smith, and I agree to discontinue suit without costs to said James H. Smith.

"PHILIP DRAGO."

At one of the adjournments after the settlement the defendant set up the receipt by supplemental answer. Notwithstanding the settlement the plaintiff's attorney insisted upon proceeding with the action, for the purpose of protecting the lien which he claims he had for the eight dollars costs given by the statute, and on the ground that he was entitled to enforce such lien under section 66 of the Code of Civil Procedure, which gives an attorney a lien upon his client's cause of action, or upon any judgment, verdict, report or decision that may be obtained upon such cause of action for the attorney's services.

The Municipal Court rendered a judgment in favor of plaintiff and against the defendant for damages, seven dollars and eighty-seven cents; court costs, two dollars and eighty-five cents; statute costs, eight dollars, and directed that the sum of seven dollars and eighty-seven cents paid to the plaintiff should be credited upon the execution, and that the defendant was liable to execution against the person.

The plaintiff's attorney and the Municipal Court seem to have assumed that the statute which the plaintiff's attorney invoked, and which gives the laborer the protection claimed, was in force at the time of the settlement, and that, therefore, the settlement could be disregarded and the attorney's lien enforced by a proceeding in that action notwithstanding the settlement.

Section 458 of the Buffalo charter, being chapter 105 of the Laws of 1891, provided that in an action brought in the Municipal Court by a domestic servant to recover for services performed by her, if

the plaintiff recovers a judgment for a sum not exceeding twenty-five dollars, exclusive of costs, no property of the debtor should be exempt from execution, and if an execution against the property was returned unsatisfied, in whole or in part, plaintiff was entitled to an execution against the person to collect the same. This section was amended in 1895 (Chap. 805) and took effect May 27, 1895. That amendment gave to the unskilled laborer, having a family dependent upon him for support, for wages due him, the same right as a domestic servant under the act of 1891 (*supra*); if he recovered a judgment for a sum not exceeding twenty-five dollars exclusive of costs, no property of the defendant should be exempt from execution, and authorized a body execution in case an execution against the property was returned unsatisfied in whole or in part, and provided that he should be entitled to recover the sum of five dollars as costs in addition to the costs allowed by section 462 of chapter 105 of the Laws of 1891, which provided that in an action for wages, if the recovery did not exceed twenty-five dollars, the plaintiff was entitled to recover three dollars as costs. It will be seen from the above statement that the statute which gave the unskilled laborer the rights upon which this judgment was predicated and the right to an execution against the person of his debtor was not in existence at the time of the commencement of the action in the Municipal Court or at the time of the settlement. At the time of such settlement the plaintiff had the right of any other plaintiff in a Justice's Court or in a court that takes its place, like the Municipal Court of the city of Buffalo, to obtain his judgment and collect it if he could out of the property of his debtor. He was not entitled to the special costs of five and three dollars, only the ordinary costs of the action if he recovered. There was nothing, therefore, in the way of his settling the action with the defendant upon any terms he chose. If he had an attorney in the proceedings, that attorney must look to his client for his compensation. Section 66 of the Code of Civil Procedure certainly had no application to the case as it existed when the settlement was made and prior to the amendment of the statute in 1895. Indeed, it has been held by the Court of Appeals, in cases where section 66 applies, that the client still remains the owner of the cause of action and is not bound to continue or permit the continuance of the litigation for the benefit of the attorney

when he deems it prudent to stop, providing he is willing and able to satisfy the just claims of the attorney, and the settlement is not made in fraud of the rights of the attorney and it does not appear that the client is irresponsible. (*Lee* v. *Vacuum Oil Company,* 126 N. Y. 579; *Poole* v. *Belcha,* 131 id. 200.)

It cannot be claimed that this settlement was made in fraud of the rights of plaintiff's attorney in order to deprive him of his costs, because no authority existed for the imposition of such costs at the time of the settlement, nor does it appear that the client is irresponsible.

We are also of the opinion that section 66 of the Code has no application to the Municipal Court of Buffalo.

The judgment should be reversed.

LEWIS, BRADLEY and ADAMS, JJ., concurred.

Judgment reversed.