## PUBLISHERS' PRINTING CO. v. GILLIN PRINTING CO.

(Supreme Court, Appellate Term, First Department. April 27, 1896.)

ATTORNEY AND CLIENT—COMPROMISE BY PARTIES—ATTORNEY'S LIEN FOR COSTS.

Where the parties settled an action on the last day for answer, and plaintiff's attorney, having had no notice of the settlement, entered judgment on the following day for the amount of the claim, with costs and disbursements, such judgment will be set aside on motion, in the absence of any indication of fraud or collusion between the parties, or that the attorney's lien for costs is necessary for his protection. 37 N. Y. Supp. 198, reversed.

Appeal from city court of New York, general term.

Action on contract brought by the Publishers' Printing Company against the Gillin Printing Company. A motion to set aside judgment in favor of plaintiff was denied at the special term, and, the order denying the motion being affirmed by the general term (37 N. Y. Supp. 198), defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Smith & Cochrane, for appellant.

D. Salomon and C. Wehle, for respondent.

McADAM, J. The action was commenced, November 9, 1895, by the service of a summons and complaint on the defendant to recover $291.07 due on contract. On November 15th, the last day of the six within which the defendant might appear and answer, the defendant paid the plaintiff the amount claimed, and took a receipt, entitled in the action, specifying that the same was in full settlement, and that it was agreed that the action be discontinued, without costs to either party as against the other. On the following day the plaintiff's attorney, in ignorance of the settlement, entered judgment for the full amount of the claim and costs, and issued an execution thereon to the sheriff, who levied upon and took possession of the defendant's place of business. The defendant then moved to set aside the judgment, execution, and levy, and the motion was denied, unless the defendant, within five days, paid to the plaintiff's attorney the sum of $20.96, costs and disbursements of the action, and $27.64, sheriff's fees incurred by reason of the levy; and the order provided that, on such payments being made, the defendant should receive an order of discontinuance in satisfaction of the judgment. Upon appeal the order was affirmed by the general term, and from such affirmance this appeal is taken.

The plaintiff claims that, under section 66 of the Code, its attorney had a lien upon his client's cause of action, which could not be affected by any settlement had between the parties before or after judgment, and that he had the right to proceed as he did. A sufficient answer to this is found in the language of the court of appeals in Lee v. Oil Co., 126 N. Y., at page 587, 27 N. Y. Supp. 1018:

"We are of opinion that the existence of such a lien in favor of the attorneys does not confer a right on them to stand in the way of a settlement of an action, which is desired by the parties, and which does not prejudice any right of the attorneys. We do not think that such an agreement deprives a party of the right to control the management of his own cause, and to determine when the litigation shall cease, and how far it shall be extended. The client still remains the lawful owner of the cause of action, and is not bound to continue the litigation for the benefit of his attorneys, when he judges it prudent to stop, provided he is willing and able to satisfy his attorneys' just claims. In fact, the lien under the agreement was intended for, and operates only as, a security for the attorneys' legal claims, and unless those are prejudiced by the client's contract, she has unrestricted control of the subject of the action, and of the terms upon which a settlement shall be effected. If it were permitted to the plaintiff's attorneys to continue the action for any purpose, it could be done only at their expense, and for the sole purpose of collecting their claims against the plaintiff. The right of recovery in such a case would be limited by the extent of their lien, and we are unable to see how they would be benefited by being permitted to prosecute such an action."

In a subsequent case (Poole v. Belcha, 131 N. Y. 200, 30 N. E. 53) the same court said:

"In order to warrant the court in disregarding a settlement and release made in an action, it must be shown that to give full effect to them will operate as a fraud upon the attorney, or, at least, to his prejudice, by depriving him of his costs, or turning him over to an irresponsible client. * * * The lien secured to an attorney by section 66 of the Code does not prevent the party who owns the judgment from receiving payment thereof and executing a discharge. When it is shown that such payment or discharge will operate to deprive the attorney of his costs, the court has power to protect him; but it cannot be assumed that a settlement is in fraud of his rights. Until the lien of the attorney is asserted in some way, the judgment remains the property of the client."

See, also, Drago v. Smith, 92 Hun, 536, 36 N. Y. Supp. 975.

The attorney is a mere agent of the client, and is supposed to follow the instructions and carry out the agreements of his principal. The act of entering judgment and issuing execution, though performed by the attorney, was, in contemplation of law, the act of his principal, who was responsible therefor. If the plaintiff failed to notify its attorney of the settlement and agreement it had made, that was its misfortune, and the consequences cannot be visited upon the defendant, which had a right to assume that the plaintiff would carry out its agreement by controlling its attorney to the extent of seeing that the agreement made to discontinue was faithfully observed. The only claim the attorney had was upon his employer, and the right conferred by section 66 of the Code was a mere security, by way of lien, which might or might not, according to circumstances, be necessary for the attorney's protection. If his client was irresponsible, or refused to pay him, he might have applied to the court, on notice, for leave to continue the action, in aid of his

lien, on his own account, and at his own risk. Murray v. Jibson, 22 Hun, 386; Goddard v. Trenbath, 24 Hun, 182; Dimick v. Cooley, 3 Civ. Proc. R. 141; Oliwill v. Verdenhalven (City Ct. N. Y.) 7 N. Y. Supp. 99; Pitcher v. Robertson (Sup.) 21 N. Y. Supp. 66. And the defendant might have secured the determination of the question whether such lien was necessary to the attorney's protection before being harassed by a judgment and a levy upon its property. The course taken gave the defendant no such opportunity. The first notice it had of the plaintiff's breach of contract was the levy on its property by the sheriff.

A proceeding to enforce the attorney's lien in a case settled by the client before judgment is in some respects analogous to one where a settlement is made after judgment, and where the client has discharged the judgment of record. The remedy in such a case is to move to vacate the satisfaction to the extent of the attorney's lien; and where it appears that the client is irresponsible, and the satisfaction is made with knowledge of the attorney's lien, and collusively, with intent to defraud him of his compensation, the court will furnish him the necessary protection. Telegram Co. v. Smith, 57 Hun, 176, 10 N. Y. Supp. 433; Bailey v. Murphy, 136 N. Y. 50, 32 N. E. 627; Guliano v. Whitenack, 9 Misc. Rep. 562, 30 N. Y. Supp. 415; Howitt v. Merrill, 113 N. Y. 630, 20 N. E. 868. But it will not do for an attorney, in either of the cases put, to determine for himself that the lien is necessary for his protection, and to attempt to enforce it, without some application to the court, founded on notice to the adverse party. Here the attorney entered a judgment for the amount of the client's claim, and issued an execution to collect it, with his taxable costs; and the court below made an order that the defendant should pay the attorney, not only his taxable costs, but also the sheriff's fees for making a levy on its property. There is nothing in the case showing that the plaintiff is irresponsible, or unwilling to pay its attorney, or that he made any demand upon his client for compensation, or any effort whatever to collect his claim from it. Even assuming that the question of enforcing the lien could then be considered, there was nothing before the court showing that the settlement was collusive, or in fraud of the attorney's rights, or that it could by any possibility operate to his prejudice. There was, therefore, no justification for permitting the attorney to collect from the defendant taxable costs which his own client had agreed to pay, much less mulct it with sheriff's fees incurred by reason of the neglect of the plaintiff to observe its agreement to discontinue the action.

It follows that the order appealed from must be reversed, and the motion granted, with costs. All concur.