(25 Misc. Rep. 277.)

### VROOMAN v. PICKERING.

(Supreme Court, Special Term, Ulster County. November 19, 1898.)

ATTORNEY'S LIEN—SETTLEMENT BY CLIENT.

> Under Code Civ. Proc. § 66, giving an attorney a lien on his client's cause of action, which cannot be affected by any settlement before or after judgment between the parties, a settlement of a judgment, between the parties direct, without notice to the judgment creditor's attorney, is void as to him, to the extent of his lien, though made for a fair consideration; and this even where he had given no notice of his lien.

Action by Heretta M. Vrooman against Elias A. Pickering. A judgment for plaintiff was satisfied by her, without knowledge of her attorney, and he moves to vacate the satisfaction, that his lien for compensation may be enforced. Granted.

John P. Grant, for the motion.
Edward O'Connor, opposed.

CLEARWATER, J. The plaintiff brought suit to recover damages for personal injuries alleged to have been inflicted upon her by the defendant. The latter did not appear or plead, and under a writ of inquiry a sheriff's jury awarded the plaintiff $300 damages. A judgment for that amount and $129.29 costs was docketed in the office of the clerk of the county of Delaware on the 31st day of January, 1898, and an execution issued and delivered to the sheriff of that county, who returned the same unsatisfied. An execution was thereupon issued against the person of the defendant, and is now in the hands of the sheriff. After it was issued, and without notice to the plaintiff's attorney, the defendant settled with the plaintiff, and procured from her a satisfaction of the judgment, which was filed, and the judgment satisfied of record. The plaintiff is destitute, and, before the be-

ginning of the action, executed an agreement in writing with her attorney by which she retained him to prosecute her case, agreeing that in consideration of his paying all the witnesses' fees and disbursements, and for his services in the trial of the case, he should have one-half of any sum that might be finally recovered, or obtained by a settlement of the case before trial, in addition to his taxable costs. He knew nothing of the settlement until after the judgment had been satisfied.

It is contended on behalf of the defendant that the settlement was made for an adequate consideration, and that he had no notice that the plaintiff's attorney claimed a lien upon the judgment. The Code of Civil Procedure, as it now stands, provides that the compensation of an attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action, or the service of · an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision, or judgment in his client's favor, and the proceeds thereof, in whosesoever hands they may come, and cannot be affected by any settlement between the parties before or after judgment. Code Civ. Proc. § 66. The second sentence was added by chapter 542 of the Laws of 1879, and, whatever may have been the rule prior to that amendment, it is now well settled that it is not necessary for an attorney to give notice of his claim to the other party or his attorney in order to protect the lien for his fees or disbursements upon a judgment in his client's favor. An attorney's lien is now a statutory lien, of which all the world must take notice, and any one settling with a plaintiff without the knowledge of his attorney does so at his own risk. The lien operates as security, and if a settlement is entered into by the parties in disregard of it, and to the prejudice of the plaintiff's attorney, by reason of the insolvency of his client, or for other sufficient cause, the court will interfere and protect its officer by vacating the satisfaction of the judgment, and permit execution to issue for the enforcement of the judgment to the extent of the lien, or by following .the proceeds in the hands of third parties, who received them, before or after judgment, impressed with the lien. Peri v. Railroad Co.,. 152 N. Y. 521, 46 N. E. 849. It is urged by the counsel for the defendant, as was urged in the defendant's behalf in the case just cited, that this construction of this section of the Code is against public policy, as the law favors settlements, and that it is not just to permit the plaintiff's attorney to compel parties to litigate who desire to compromise their differences; but, as stated by the learned judge who delivered the opinion in that case, this criticism overlooks the fact that the existence of the lien does not permit the plaintiff's attorney to stand in the way of a settlement. The client is still competent to decide whether he will continue the litigation, or agree with his adversary in the way. The settlement of a litigation ought, in all ,fairness, to be made with full knowledge of the plaintiff's attorney, and under conditions protecting his lawful lien. If he seeks to take an unfair advantage of a desire to settle, he is, as an officer of the court, under its constant scrutiny

and control, and will be confined in his lien to his taxable costs and such additional amount as he may be able to duly establish by agreement, express or implied.    But the court, while preventing oppression upon his part, will protect him in the enforcement of the lien given him by the statute.    Poole v. Belcha, 131 N. Y. 200, 30 N. E. 53; Bailey v. Murphy, 136 N. Y. 50, 32 N. E. 627; Lee v. Oil Co., 126 N. Y. 579, 27 N. E. 1018.    See opinion, page 587, 126 N. Y., and page 1019, 27 N. E.

In the cause at bar the undisputed facts show that the settlement was made without the knowledge of the plaintiff's attorney, and in entire disregard of his lien.    As to him, the settlement is void, and should be set aside, and the satisfaction vacated; and, as there is no dispute as to the amount it was agreed he should receive in addition to his taxable costs, he should be permitted to proceed by execution for the enforcement of his lien to the amount of one-half of the recovery, the taxable costs, and $10 costs of this motion.