## WEITZMAN v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. May 8, 1899.)

STREET RAILWAYS—INJURY TO CHILD IN STREET.
Refusal to instruct that, if defendant's car was running at a moderate and proper rate of speed, and at the time deceased child left the curb to cross the tracks the car was so close to where deceased was struck that it was impossible for the car, under any circumstances, to be stopped before running over deceased, verdict must be for defendant, is error; the court not having elsewhere instructed as to what would be the duty of the jury, or the rights of the parties, on such a state of facts.

Appeal from trial term, Kings county.

Action by Louis Weitzman, administrator of Harry Weitzman, deceased, against the Nassau Electric Railroad Company. From a judgment on a verdict for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry Yonge, for appellant.
Louis J. Vorhaus, for respondent.

PER CURIAM. The facts which gave rise to this action are sufficiently stated in the opinion delivered by Mr. Justice WOODWARD upon the previous appeal. Weitzman v. Railroad Co., 33 App. Div. 585, 53 N. Y. Supp. 905. The plaintiff has prevailed upon the new trial which we then ordered. We are compelled, however, to reverse the judgment in his favor, on account of the refusal of the court to charge one of the propositions requested by counsel for the defendant. That proposition was in these words: "I ask your honor to charge that, if the jury believe that the car of the defendant was running at a moderate and proper rate of speed, and if, at the time the deceased left the curb to cross the tracks, the car was so close to the place deceased was struck that it was impossible for the car, under any circumstances, to be stopped before running over the child, then the verdict must be for the defendant." The learned trial judge responded, "I decline to charge it in that way, or except as already charged," and defendant's counsel excepted. Nowhere else in the charge had the court instructed the jury as to what would be their duty, or as to what were the legal rights of the parties, upon such a state of facts as that assumed in this request. It is plain that, if the jury found such a state of facts to exist, it was incumbent upon them to exonerate the defendant from liability, and the defendant was entitled to have them so instructed. The error was a serious one,

and cannot be disregarded. It constrains us to order a new trial.

Judgment and order reversed, and new trial granted; costs to abide the event.