from the secretary of state of the state of New York authorizing it to do business in this state, as provided by the Laws of 1892. There was no denial that the defendant had bought and received the goods sued for, and had failed to pay the agreed price therefor, and it was stipulated on the trial that the dates, prices, credits, and amounts as alleged in the complaint were correct. The only issue, therefore, was whether plaintiff, being a foreign corporation, and not having procured the said certificate, was doing business within this state. We have examined the authorities to which our attention has been invited by the briefs of the respective parties, and are clearly of the opinion that plaintiff was not doing business within this state, within the meaning of the statute referred to. It follows, therefore, that the court erred in dismissing the plaintiff's complaint, and that a new trial should be ordered, with costs to appellant to abide the event.

VROMAN, Respondent, v. PICKERING, Appellant. (Supreme Court, Appellate Division, Third Department. July 6, 1899.) Action by Henrietta M. Vroman against Elias A. Pickering. No opinion. Order affirmed, with $10 costs and disbursements, without prejudice to motion by defendant to open by default. All concur, except LANDON, J., who dissents. See 54 N. Y. Supp. 389.

WAGMAN, Appellant, v. CARPENTER et al., Respondents. (Supreme Court, Appellate Division, Third Department. July 6, 1899.) Action by Lucy E. Wagman against Ada L. Carpenter and others. No opinion. Judgment affirmed, with costs.

WALLACH, Appellant, v. MAACK, Respondent. (Supreme Court, Appellate Term. June 28, 1899.) Action by Moses K. Wallach against John Maack. Maurice J. Katz, for appellant. G. A. C. Barnett, for respondent.

PER CURIAM. Judgment affirmed, with costs to the respondent.

In re WATSON. (Supreme Court, Appellate Division, Second Department. July 1, 1899.) In the matter of the application of Archibald R. Watson for admission to the bar. No opinion. Application granted.

WEISSMAN, Respondent, v. DRY DOCK, E. B. & B. R. CO. et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 20, 1899.) Action by Jacob Weissman against the Dry Dock, East Broadway & Battery Railroad Company and the Hecker-Jones-Jewell Milling Company. No opinion. Judgment and order unanimously affirmed, with costs.

WEISSMAN, Respondent, v. DRY DOCK, E. B. & B. R. CO. et al., Appellants. (Supreme Court, Appellate Division, Second Department. July 1, 1899.) Action by Jacob Weissman against the Dry Dock, East Broadway & Battery Railroad Company and the Hecker-Jones-Jewell Milling Company. No opinion. Under the amendment to section 1310 of the Code of Civil Procedure, the appellants are entitled to this stay as a matter of right. Motion to vacate or modify stay denied.

WEITZMAN, Respondent, v. NASSAU ELECTRIC R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 13, 1899.) Action by Louis Weitzman, as administrator of the goods, chattels, and credits of Harry Weitzman, deceased, against the Nassau Electric Railroad Company. No opinion. Motion for reargument denied. See 57 N. Y. Supp. 1120.

WHITEHEAD, Appellant, v. LEE, Respondent. (Supreme Court, Appellate Division, Second Department. June 27, 1899.) Action by John C. Whitehead against Homer Lee.

PER CURIAM. While too much regard should not be paid to technicalities, we deem the requirement that on a motion to open a default merit should be shown as being substantial. Here the answer is not verified, and no affidavit of merit has been served. The order appealed from should be reversed, with $10 costs and disbursements, and motion remitted to the special term for further hearing, with leave to the defendant, on the payment of such costs, to serve additional affidavits showing that his defense is meritorious.

WIELAND, Respondent, v. FORGOTSON et al., Appellants. (Supreme Court, Appellate Division, First Department. June 16, 1899.) Action by Wilhelm Wieland against Ella Forgotson and others. J. C. de la Mare, for appellants. S. Jackson, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

WIELAND, Appellant, v. PRESIDENT, ETC., OF DELAWARE & H. CANAL CO., Respondent. (Supreme Court, Appellate Division, Third Department. July 6, 1899.) Action by Catharine Fisher Wieland, as administratrix, etc., against the president, managers, and company of the Delaware & Hudson Canal Company. From a judgment entered upon a nonsuit, and an order denying a motion for a new trial, plaintiff appeals. Reversed. Dyer & Ten Eyck (Jacob L. Ten Eyck, of counsel), for appellant. Lewis E. Carr, for respondent.

PER CURIAM. Upon the granting of the nonsuit in this case, the trial court held that upon the question of the negligence of the defendant the plaintiff was entitled to have the case go to the jury, but that the evidence was not sufficient to take to the jury the question of contributory negligence. In this latter respect we think that the trial court erred. The evidence in some respects varied from that given on the former trial, which was the subject of the former review by this court (30 App. Div. 85, 51 N. Y. S. 776); but there was not, in effect, we think, such a difference as to require a rule different from the one laid down on the former appeal. We therefore conclude that a new trial should be granted. Judgment reversed, and new trial granted; costs to abide the event. All concur, except PARKER, P. J.,