(30 Misc. Rep. 224.)

## BOLLAR v. SCHOENWIRT.

(Supreme Court, Special Term, New York County.  January, 1900.)

ATTORNEY AND CLIENT—FEES—LIEN—JUDGMENT—SATISFACTION WITHOUT PAY-
MENT OF ATTORNEY—VACATION.

Under Code Civ. Proc. § 66, giving an attorney a lien upon his client's
cause of action which "cannot be affected by any settlement between the
parties before or after judgment," a satisfaction of a judgment, entered
without the knowledge of plaintiff's attorney, on a settlement between
the parties, and without payment of the attorney fee agreed on, will be
set aside where plaintiff is irresponsible, and the attorney will otherwise
lose his claim.

Action by Emily Bollar against Max C. Schoenwirt.  A judgment
was recovered by plaintiff, and was settled by defendant without
the knowledge of plaintiff's attorney, and without payment of his
fees.  Eugene I. Yuells, plaintiff's attorney, moved to set aside the
satisfaction of the judgment to enable him to enforce his attorney's
lien.  Motion granted in part.

E. I. Yuells, for the motion.

A. C. Palmer, opposed.

GILDERSLEEVE, J.  This is a motion to set aside the satisfac-
tion of a judgment entered in favor of the plaintiff against the de-
fendant.  It appears that the plaintiff and her attorney, Mr. Eu-
gene I. Yuells, entered into an agreement about the time the action
was commenced to the effect that the attorney should have a lien
on the cause of action for his compensation to the extent of $50
and his taxable costs.  The case went to trial, and the plaintiff re-
covered a judgment against the defendant in said action.  Execu-
tion was issued, and returned unsatisfied.  Supplementary proceed-
ings were instituted, and property of the defendant was discovered.
Thereupon the defendant settled with the plaintiff without the
knowledge of said attorney, and plaintiff executed a satisfaction
piece of said judgment.  The said attorney appears to have received
no compensation, and the plaintiff, according to the uncontradicted
affidavit of the said attorney, is wholly irresponsible, and unable to
pay said attorney.  The attorney therefore makes this motion to
set aside the satisfaction piece.  It is well settled that under sec-
tion 66 of the Code the lien attaching to the cause of action and
to the judgment in the attorney's favor cannot be impaired or de-
stroyed by collusion or fraud; and in cases where this is made to
appear the court has undoubted power, and will exercise it, to set
aside a judgment, if such has been procured in the action, to the
end that an attorney may proceed and enforce the lien or claim
upon the cause of action.  Hart v. Mayor, etc. (Sup.) 23 N. Y. Supp.
555.  A release of the judgment cannot affect the lien of the attor-
ney, and, if a release has the effect to defraud the attorney, the
court should set it aside, in order to protect the lien, where it is
necessary to the protection of the attorney.  Poole v. Belcha, 131
N. Y. 200, 30 N. E. 53.  Here the plaintiff is irresponsible, and the
attorney would gain nothing by suing her.  He is, therefore, de-

pendent upon his lien. I think the satisfaction piece should be vacated to the extent of the attorney's lien, so as to enable him to enforce the judgment against the defendant to the extent indicated. No costs of motion.

Ordered accordingly.