ADAMS v. NIAGARA CYCLE FITTINGS CO. et al.

(Supreme Court, Special Term, Erie County.)

1. ATTORNEY AND CLIENT—JUDGMENT FOR COSTS.
    A judgment for costs only, belongs to the attorney of the successful party, and not to his client, and such costs, when collected on execution, should be paid to the attorney.

2. SAME—ATTORNEY'S LIEN.
    Code Civ. Proc. § 66, giving attorneys a lien on their client's cause of action, which attaches to the judgment, etc., in the client's favor, only

operates to give an additional security to an attorney, and does not devest his property in a judgment in favor of his client for costs only.

Action by Sidney E. Adams against the Niagara Cycle Fittings Company and others. Judgment for costs was rendered in favor of defendants, and such costs were collected on execution. Motion to direct sheriff to pay costs to defendants' attorney. Granted.

Rollin H. Reid, for the motion.
Jonathan L. Slater, for plaintiff.
Seward A. Simons, for sheriff.

KENEFICK, J. A judgment for costs only belongs to the attorney for the successful party. People v. Common Council of City of Buffalo, 7 Misc. Rep. 386, 28 N. Y. Supp. 158; Guliano v. Whitenack, 9 Misc. Rep. 562, 30 N. Y. Supp. 415; In re Bailey, 31 Hun, 608. Such a judgment may be counterclaimed in an action against the attorney. Adams v. Stillman, 4 Misc. Rep. 259, 23 N. Y. Supp. 810. The attorney's claim thereto is superior to the right of the adverse party to set off claims against the successful party. Husted v. Thomson, 26 Misc. Rep. 548, 57 N. Y. Supp. 558; Delaney v. Miller, 84 Hun, 244, 32 N. Y. Supp. 505. Such a judgment cannot be set off against the general costs awarded to the other party in the same action. Tunstall v. Winton, 31 Hun, 219, affirmed in 96 N. Y. 660. Nor can it be set off against a judgment recovered by the other party. Gibbs v. Prindle, 11 App. Div. 470, 42 N. Y. Supp. 329. The judgment itself furnishes notice of the attorney's lien in case it is for costs only. Marshall v. Meech, 51 N. Y. 140, 10 Am. Rep. 572. An attorney for a defendant is equally protected with the attorney for a plaintiff after judgment. Bevins v. Albro, 86 Hun, 590, 33 N. Y. Supp. 1079. "Section 66 [of the Code] was not intended as a limitation upon liens of their attorneys for their costs, but as an extension. It was intended as additional security to them. * * * The only change in the law effected by the section is to give attorneys liens upon causes of action before they are perfected into judgments." Page 592, 86 Hun, and page 1080, 33 N. Y. Supp.

Motion granted.