### In re GOODALE et al.

(Supreme Court, Appellate Term. March 5, 1908.)

ATTORNEY AND CLIENT—COMPENSATION—SETTLEMENT OF ACTION.

Where a cause of action is assigned and then settled by the assignee, and the judgment in the action satisfied on settlement by the assignee, the satisfaction will not be set aside at the instance of plaintiff's attorneys, employed by the assignor, the beneficial, though not the nominal,

plaintiff, to permit them to enforce their claim for services, where their rights in collecting their compensation from the assignor were not prejudiced.

Appeal from City Court of New York, Special Term.

Application by Wilbur C. Goodale and others to set aside satisfactions of judgment and to permit the issuance of execution for payment of services and attorney's liens. From an order denying the application, petitioners appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Goodale, Files & Reese, for appellants.
Isidore Hershfield, for respondents.

BISCHOFF, J. Granting that the settlement of the actions and the satisfaction of the judgments by the nominal plaintiff was a fraud upon his assignor, and that there is a fair suggestion of bad faith upon the defendants' part, still the denial of the application to set aside the settlement made at the instance of the plaintiff's attorneys of record was a proper exercise of discretion. The papers before the court below left no doubt of the fact that these attorneys were retained by and performed their services for the plaintiff's assignor, whose solvency was undisputed and against whom their actual claim for compensation existed and still exists. It may well be that this assignor, Fusco, was hardly treated, and, of course, if there was a collusive settlement in actual fraud of his rights, he has his remedy against the defendant; but the attorneys are in no position to insist upon the protection of their lien by summary order, since the fact of prejudice of their rights in the matter of collecting payment for their services, an element essential to the application (Poole v. Belcha, 131 N. Y. 200, 30 N. E. 53) does not exist.

Order affirmed, with $10 costs and disbursements. All concur.