ANN LEE, as Administratrix, etc., Respondent, *v.* THE VACUUM OIL COMPANY, Appellant.

A party may not rescind a contract for fraud without acting promptly on discovery of the fraud and restoring whatever has been received under it.

The existence of a lien for costs and agreed compensation, in favor of the attorneys of a party in whose favor a judgment has been rendered, does not confer a right on them to stand in the way of a settlement of the action which does not prejudice any right of theirs.

An agreement between attorney and client giving the former a percentage of any recovery, does not deprive the party of the right to control the management of his own cause and to determine when the litigation shall

*126-670.*
*131-204.*
126  579
152  528

cease.   The client still remains the lawful owner of the cause of action and is not bound to continue or to permit the continuance of the litigation for the benefit of his attorney when he judges it prudent to stop, provided he is willing and able to satisfy the just claims of the latter.

The lien of an attorney under such an agreement, operates only as a. security for his legal claims.

The plaintiff herein stipulated with her attorneys that they should receive for their services one-third of any recovery therein, besides costs, and that no settlement should be made without their consent; she recovered a judgment for $6,000 damages and for costs.   Defendant was notified of this stipulation and forbidden from settlement without consent of the attorneys.   Pending an appeal to this court, an agreement for the settlement of the action was made between the parties, by which defendant agreed to pay $4,500 — $1,000 in cash to plaintiff and $3,500 to be deposited to her credit, to be drawn by her after procuring and delivering to defendant a release by her attorneys of all claims against such judgment or the cause of action represented thereby, which agreement was performed by defendant.   The attorneys were immediately notified of such settlement by defendant and requested to present a statement of their claims.   Such statement was not presented until several months afterwards, during which they made no objections and negotiated with defendant in regard to the payment of their claim.   Said attorneys claimed for costs, counsel fees and money loaned, about $3,000.   Under plaintiff's instructions, defendant declined to pay this sum, but offered to pay any advances made by said attorneys, together with $1,500 and their disbursements ; this offer was declined.   Upon motion made on behalf of plaintiff and her attorneys to vacate the satisfaction of the judgment given on the settlement on the ground of fraud, no offer was made to restore the $1,000 or to release the money deposited; it appeared that plaintiff had expended the amount paid to her, and that she had no property from which to raise funds to restore it.   Defendant's opposing affidavits denied the alleged fraud, and it offered on the motion to rescind the settlement and cancel the discharge upon return of the money paid by it, which offer was not accepted; it also presented an affidavit made by plaintiff, retracting all statements in her moving affidavit tending to show fraud.   The decision below vacated the satisfaction absolutely as far as the attorneys were concerned, and also as to plaintiff on condition that she should release the sum deposited; the $1,000 paid to her to be deducted from any final judgment in the action.   *Held,* error; that assuming a case was shown for recission, it could only be on condition of the restoration of the money paid, aud a release by her and her attorneys of the moneys deposited, and so, that defendant's offer embraced all the relief to which plaintiff was then entitled; that plaintiff's attorneys stood in no better position than she did in this respect, as they were not prejudiced by the settlement.

Also *held,* that the *laches* of the attorneys in delaying the attempt to rescind
until plaintiff had expended the money paid to her, was sufficient ground
for a denial of the motion.

(Argued April 27, 1891; decided June 2, 1891.)

APPEAL from order of the General Term of the Supreme
Court in the fifth judicial department, made the last Tuesday
of March, 1891, which modified, and affirmed as modified, an
order of Special Term granting a motion vacating and setting,
aside a settlement of the above entitled action and the satis-
faction of the judgment therein.

The facts, so far as material, are stated in the opinion

*William F. Coggswell* for appellant. The effect of the
sixty-sixth section of the Code of Civil Procedure is not to
give the plaintiff's attorney such an interest in the cause of
action that the plaintiff cannot control the same. If so, it
makes the right of the attorney superior to the right of the
party, since the attorney can discontinue the action, although
he cannot release the cause of action. (*Gallard* v. *Smart,* 6
Cow. 383.) The parties to a litigation may settle the same
without the consent of their attorneys. (*Oliwell* v. *Verden-
halvin,* 26 N. Y. S. R. 115.)

*Theodore Bacon,* for appellant. Even if the Supreme Court
was right in vacating, as between the two parties, the settle-
ment deliberately arrived at, the General Term at least was
fatally in error in allowing her both to rescind the settlement
and to retain that which she had received under it. (*Gould*
v. *C. C. N. Bank,* 86 N. Y. 75.) There was no ground pre-
sented in the papers for the order made below. (*Milmerdings*
v. *Fowler,* 15 Abb. [N. S.] 86.) If it be urged that the limi-
tation upon the plaintiff's letters of administration disabled
her from making the settlement complained of, it is enough
to answer that her later letters were unlimited; that upon
their issue they took effect by relation as of the date of the
intestate's death, and thus validated all the prior acts of the

administratrix. ( *Vroom* v. *Van Horne,* 10 Paige, 549 ; *Rattoon* v. *Overacker,* 8 Johns. 126.)

*John Van Voorhis* for respondent. The order being purely discretionary is not appealable, and the appeal should be dismissed. (*Place* v. *Hayward,* 100 N. Y. 626 ; *Howett* v. *Merrill,* 113 id. 630 ; *Conklin* v. *Taylor,* 68 id. 221 ; *Lawrence* v. *Farley,* 73 id. 187 ; *Cushman* v. *Brundreth,* 50 id. 296 ; *Brownell* v. *Ruckman,* 85 id. 648 ; *N. H. W. Co.* v. *Ferris,* 115 id. 641.) No terms should have been imposed on Ann Lee other than requiring her to relinquish any claim to money deposited in the Rochester Trust and Safe Deposit. Company. She should not have been required to pay back the $1,000 she received. (*M. E. R. Co.* v. *M. R. Co.,* 14 Abb. [N. C.] 229 ; *Allerton* v. *Allerton,* 50 N. Y. 670 ; *I. & T. Bank* v. *Everett,* 21 N. Y. S. R. 98 ; *Todd* v. *Moore,* 3 Sandf. 589 ; *Wheaton* v. *Baker,* 14 Barb. 598.) The order appealed from should be affirmed so far as J. & Q. Van Voorhis are concerned. They have a lien upon the judgment and a right to enforce the judgment to satisfy their lien. They are to that extent owners of the judgment. ( *Whittaker* v. *N. Y. C. & H. R. R. R. Co.,* 11 Civ. Pro. Rep. 189 ; *Fowler* v. *Callen,* 102 N. Y. 395 ; *Palmer* v. *Van Orden,* 64 How. Pr. 79 ; *Quinlan* v. *Birge,* 43 Hun, 483 ; *Marshall* v. *Meach,* 51 N. Y. 140 ; *Wright* v. *Knapp,* 70 id. 100 ; *In re Knapp,* 85 id. 284 ; *McCabe* v. *Fogg,* 11 L. B. 71 ; *C. T. Co.* v. *Smith,* 57 Hun, 176.) The fact that the contract was not signed until the day of the verdict, or until the day after the verdict, does not affect the case. ( *Whittaker* v. *N. Y. C. & H. R. R. R. Co.,* 11 Civ. Pro. Rep. 189.) In advising her to keep away from her lawyers and to make this settlement, Briggs assumed an inconsistent relation, and the settlement he procured thereby will be set aside on the application of Ann Lee, without regard to whether Briggs acted in good faith or not, and without inquiring as to whether it was beneficial to her or not. (*Devoe* v. *Fanning,* 2 Johns. Ch. 251 ; *Munson* v. *S., etc., R. R. Co.,* 103 N. Y. 58.)

Ruger, Ch. J. This is an appeal from an order of the General Term, substantially affirming an order of the Special Term, which vacated the satisfaction of a judgment, given upon a settlement of the cause of action, in a suit to recover damages for the negligent killing of the plaintiff's intestate by the defendant. The motion was originally made on behalf of the plaintiff *and also her attorneys,* and the satisfaction of the judgment was vacated by the Special Term absolutely, so far as the attorneys were concerned, and as to the plaintiff, upon the condition that she should, within ten days, repay to the defendant the sum of one thousand dollars received by her on the settlement of the action, and release all claims to the further sum of thirty-five hundred dollars, which had been deposited with the Rochester Safe and Deposit Company to her credit, as security for the costs and claims of her attorneys.

Both the defendant and the plaintiff appealed from this order. The defendant from that part which vacated the judgment absolutely so far as the plaintiff's attorneys were concerned; and the plaintiff from so much thereof as imposed a condition upon her right to have the judgment vacated absolutely as to herself.

The General Term affirmed the order, upon defendant's appeal, and modified that part of it which required the plaintiff to restore, within ten days, the sum of $1,000 to defendant; by providing in lieu thereof, that such sum should be deducted from the existing judgment, or any final judgment which should be recovered in the action. From this order the defendant appeals to this court.

The undisputed facts show that the action was prosecuted by the plaintiff, as administratrix, to recover damages for the death of her husband occasioned by the alleged negligence of the defendant, and resulted in a judgment for the plaintiff, in June, 1887, of about $6,000, damages and costs. This judgment, on appeal to the General Term, was affirmed in that court and the defendant appealed from that affirmance to this court. In August, 1890, while this latter appeal was pending the plaintiff applied to the defendant for a settlement of the

action, and, after some negotiation, an agreement was reached
between the parties whereby the defendant agreed to pay the
plaintiff the sum of forty-five hundred dollars, one thousand
dollars in cash, and the further sum of thirty-five hundred dol-
lars to be deposited to the plaintiff's credit in the Rochester Safe
and Deposit Company, to be drawn by her only after procur-
ing and delivering to the defendant a release by her attorneys
of all claims against such judgment, or the cause of action
represented thereby. Immediate notice of this settlement was
given to the plaintiff's attorneys by the defendant and they were
also notified to present a statement of their claims on such
judgment and cause of action, to defendant. After several
months' delay such a statement was made and presented, whereby
it appeared that such attorneys made claims for costs, counsel
fees, and money loaned, aggregating about three thousand dol-
lars. Under the instructions of the plaintiff the defendant
declined to pay this sum ; but offered to pay any advances made
by them together with $1,500 in addition thereto, and their dis-
bursements. This offer was declined, whereupon this motion
was made. It was founded upon an affidavit of one of plaintiff's
attorneys, giving a statement of the proceedings in the action
and a history of his firm's transactions with the plaintiff ;
and an affidavit of the plaintiff, dated December 9, 1890,
imputing fraud and misrepresentation to the defendant in
effecting the settlement, and giving what purported to be a
history of the negotiation for such settlement. Proof was also
made of the service of notice by plaintiff's attorneys on defend-
ant, in January, 1889, of the existence of a lien in their favor
on several causes of action against the defendant, including
that of the plaintiff, and upon any verdicts, reports, decisions
or judgments rendered, or to be rendered therein, for their
services as attorneys for the plaintiff therein, and forbidding
any settlement of such actions, or any payment thereon, except
to said attorneys or to their order. A copy of a stipulation
signed by the plaintiff, entitled in the action and dated June
13, 1888, was also read on the hearing, to the effect that her
attorneys were entitled to have one-third of the recovery in ·

such action, over and above the taxable costs and disbursements, and that no settlement should be made without their consent. No offer to return to the defendant the money received by the plaintiff on the settlement was ever made by the plaintiff or her attorneys, nor was any willingness expressed by them to release the money deposited with the Trust and Deposit Company from the conditions upon which it was held by such company. On the contrary, the proofs show that the plaintiff has expended all of the moneys received by her, and has no property from which she can raise money to restore the amount paid to her by the defendant on the contract of settlement.

The defendant produced a number of affidavits made by its president, secretary, attorneys and others, containing proof tending to show that its conduct in respect to the settlement of the action was fair and honorable, and offering to rescind the settlement and to cancel the discharge of the judgment upon the return of the money paid by it to the plaintiff. An affidavit made by the plaintiff on December 31, 1890, retracting all statements contained in her moving affidavit, tending to show any misrepresentation or unfair practice on the part of the defendant or its officers or agents in effecting said settlement, was also presented to the court.

We have carefully read the evidence presented on the hearing intended to support the charge that the settlement was induced by fraud or misrepresentation on the part of the defendant and its agents, and we are of the opinion that it fails to sustain such a charge. If there were statements in the plaintiff's original affidavit which tended to support such a charge, they were retracted by the subsequent affidavit made by her, and left the case substantially destitute of any proof upon which an imputation of fraud could justly be predicated. The defendant, on the argument of the original motion, voluntarily offered to rescind the agreement for a settlement and to cancel the satisfaction of the judgment, if the plaintiff would restore the defendant to the position which it occupied before the settlement was made. This offer was unnoticed by the

plaintiff's attorneys and the argument of the motion proceeded. We think this offer embraced all of the relief to which the plaintiff was then entitled, and upon her neglect to accept it, the motion should have been denied.

We may, for the purpose of this discussion, assume that the plaintiff showed a case for rescission upon the condition that she restored the money received by her on the settlement. This condition, however, could not be disregarded, and without restoration no rescission could lawfully be had. The rule is elementary that a party cannot rescind a contract for fraud without acting promptly on its discovery and restoring whatever has been received upon it. (*Masson* v. *Bovet*, 1 Den. 69.)

This principle was applied in the case of *Gould* v. *Cayuga Co. Nat. Bank* (86 N. Y. 75), where it was said that "one who seeks to rescind a compromise of a disputed claim on the ground of fraud must promptly, on the discovery of the fraud, restore, or offer to restore, to the other party whatever he has received by virtue of it, if of any value." The excuse made by the plaintiff's attorneys that it was impossible for her to repay the money received on settlement, because she had spent it, is too groundless to require discussion. At least the plaintiff's attorneys could have joined their client in releasing the moneys deposited from the operation of their lien, but they expressed no willingness to do even this, and the motion was pressed regardless of the principle requiring restoration to be made. The substitute for a restoration ordered by the General Term was totally inadequate to satisfy the requirements of the rule. It depended, if a new trial was had, upon the contingency of a final judgment for the plaintiff, and in case the defendant succeeded on such new trial, it left the money paid in the possession of the plaintiff, and its loss by the defendant unavoidable.

We are, therefore, of the opinion that the plaintiff failed to show a case entitling her to a rescission and a cancellation of the satisfaction of judgment.

It is claimed, however, that the plaintiff's attorneys stand in

a better position in regard to relief from the satisfaction of the judgment than the plaintiff does, by reason of their alleged lien for costs and agreed compensation, and that they having moved on their own behalf, are entitled to rescind the contract, although such relief be denied to the plaintiff.

We are of the opinion that the existence of such a lien in favor of the attorneys does not confer a right on them to stand in the way of a settlement of an action which is desired by the parties, and which does not prejudice any right of the attorneys. We do not think that such an agreement deprives a party of the right to control the management of his own cause, and to determine when the litigation shall cease and how far it shall be extended. The client still remains the lawful owner of the cause of action and is not bound to continue the litigation for the benefit of his attorneys when he judges it prudent to stop, provided he is willing and able to satisfy his attorneys' just claims. In fact the lien under the agreement was intended for and operates only as a security for the attorneys' legal claims, and unless those are prejudiced by the client's contract, she has unrestricted control of the subject of the action, and the terms upon which a settlement shall be effected. (*Pulver* v. *Harris*, 52 N. Y. 73; *Coughlin* v. *N. Y. C. & H. R. R. R. Co.*, 71 N. Y. 448.)

If it were permitted to the plaintiff's attorneys to continue the action for any purpose, it could be done only at their own expense and for the sole purpose of collecting their claims against the plaintiff. (*Randall* v. *Van Wagenen*, 115 N. Y. 527.) The right of recovery in such a case would be limited by the extent of their lien, and we are unable to see how they would be benefited by being permitted to prosecute such an action. They now have recourse to an ample fund provided by the settlement for the payment of their lawful charges against the plaintiff, but if they are compelled to try their cause again they can get no more than their lawful charges in any event and might, possibly, be defeated, in which event they would lose their entire claim.

It seems to us that the plaintiff's attorneys have no grievance

to complain of, or injuries to be redressed by the courts. The provision of an ample fund created by the parties to secure their claims, is a complete refutation of the theory that the settlement was intended to defraud them, and their case is thus placed outside of the authorities holding that settlements made for such purposes will be set aside. (*Randall* v. *Van Wagenen, supra.*)

We know of no case which authorizes an attorney to continue a litigation for his own benefit at the expense of his client after sufficient provision for the satisfaction of his just claims is made by the parties.

The *laches* of the attorneys in making an attempt to rescind the agreement of settlement, would also seem to furnish sufficient reason why the motion in question should be denied. They were informed of the terms of the agreement of settlement in August, immediately after it was made, and raised no objection thereto until nearly four months after that time. In the meantime the plaintiff had expended the money received by her on the settlement and had become unable to return that sum to the defendant. The attorneys had also treated with the defendant in regard to the payment of their claims against the plaintiff, and manifested no dissatisfaction with the settlement until after they found that their charges against the plaintiff were to be subjected to discussion and investigation. We do not think that they acted with that promptness which the rule governing the rescissions of contracts requires.

We are, therefore, of the opinion that the orders of the General and Special Terms should be reversed and the motion denied. This proceeding having been instituted by the plaintiff's attorneys for their own benefit, they should be charged with the costs of their unsuccessful efforts.

The fact that the judgment in the original action cannot, on account of errors in the record, be supported in this court, affords an additional reason why the settlement of the action heretofore made should, in the interest of all parties, be held to be a valid contract.

The orders of the General and Special Terms should, there-

fore, be reversed and the motion denied, with costs in all courts to be paid by plaintiff's attorneys.

All concur.

Orders reversed.