CHARLES G. STEVENS and GEORGE F. RICHARDSON, as Trustees for ELLEN S. MELCHER, Appellants, *v.* MARIETTA R. STEVENS, Respondent, Impleaded with Others.

*The right of testamentary trustees of residuary real estate, charged with legacies, to enjoin an executrix and legatee from leasing the same and collecting rents.*

When an executrix and legatee of a legacy in trust charged, with other legacies, upon the testator's residuary real estate devised to trustees, has, as appears by a decree of the court and by her admission, collected and received out of the estate more than the interest upon her legacy, and has no right, under the will, to make leases of the real estate or collect rents therefrom, the trustees, upon bringing an action to obtain a sale of sufficient of the residuary real estate devised to them in trust to satisfy the legacies charged thereon and to have the residuary devise to them effectuated by a conveyance from the executrix and executor, in accordance with the duty imposed upon the executrix and executor by the will, are entitled to an injunction *pendente lite* restraining the executrix from leasing the real estate and collecting the rents therefrom.

The fact that the trustees of such residuary real estate may have acquiesced in the executrix's making leases and collecting rents while anything remained due for interest under her trust legacy does not alter the legal status and does not prevent the trustees from revoking any passive authority acquired through such acquiescence, by applying for an injunction against such leasing and collection of rents, after all interest on the executrix's trust legacy has been paid, and when it is apparent that she is indebted to the estate.

The granting of an injunction which will merely restrain an executrix from infringing upon the rights of others by possessing herself of that to which, as executrix, she has no right, and which will not restrain any act which she has a right as executrix to perform, is not open to the objection that it would be in effect to remove the executrix.

The binding effect, as evidence against the parties thereto, of the findings and adjudication in an action which has proceeded to a judgment which is unre-

versed, is not affected by the fact that both parties have appealed from the judgment, and that an undertaking has been given on the appeal to stay execution on the judgment; and the question of a party accepting the fruit of a judgment and then appealing therefrom does not arise.

When the issuance of an injunction is a matter of right, the general rules with regard to insolvency of the defendant, irreparable injury and *laches* are not applicable.

Appeal by the plaintiffs, Charles G. Stevens and George F. Richardson, as trustees for the benefit of Ellen S. Melcher under the last will and testament of Paran Stevens, deceased, from an order of the Supreme Court made at the New York Special Term at Chambers and entered in the office of the clerk of the city and county of New York on the 2d day of December, 1892, denying the plaintiffs' motion to continue during the pendency of the action a temporary injunction theretofore granted and dissolving such injunction.

*George Zabriskie* and *John E. Burrill*, for the appellants.

*George Hoadley*, for the respondent.

Barrett, J. :

This action is brought by the plaintiffs, as trustees of Ellen F. Melcher, to procure a judgment by which sufficient of the residuary real estate devised to them and to certain other trustees, by the eleventh, twelfth and thirteenth clauses of the will of Paran Stevens, deceased, may be sold to satisfy the balance due on legacies charged on such residuary real estate; and that the remainder be adjudged to be vested in, and be conveyed by the executors and executrix to, the plaintiffs and such other trustees.

Under the fifth clause of the will in question the sum of $1,000,000 was given to these same plaintiffs as a trust fund for the benefit of the testator's wife, Marietta R. Stevens, and the residuary real estate was (as adjudged by a former decree of this court in what is called a construction action) charged with this trust legacy. In the year 1873, certain parcels of property were conveyed to Mrs. Stevens' trustees as part of the principal of the trust legacy, and since then, in an action brought by these same trustees against all parties in interest, a decree has been made adjudging that but $265,297.19 remains due upon account of such principal. This decree was filed on the 5th day of November, 1891, and it establishes the fact that

all interest on the unpaid balance of the trust legacy, down to the 1st day of May, 1887, had been fully paid to Mrs. Stevens, and that after such payment there remained in her hands, on the date mentioned, the sum of $83,611.73, received by her from the estate over and above all credits to which she was entitled.

In the supplementary complaint in the present action it is alleged that since the 1st day of May, 1887, Mrs. Stevens has collected and received from and out of the assets of the estate sums exceeding $93,000, which amount is more than sufficient to pay the interest from May 1, 1887, to December, 1891, upon the unpaid balance of this $1,000,000 trust legacy. And this averment is not denied in her answer to the supplemental complaint.

It thus appears by the decree of this court and by the respondent's admission, that she has received more than the interest upon this unpaid balance down to the present time.

By the decree of November 5, 1891, it is further adjudged that a legacy of $100,000 given to Mrs. Stevens by the first clause of her husband's will, has been paid. Thus all legacies given to her by the will have been paid except the balance of the trust legacy already referred to.

It seems to us, upon these facts, that a plain case for an injunction was made out. Mrs. Stevens had no right under the will to collect rents of the real estate, or to make leases thereof, as executrix. The only duty imposed upon the executors and executrix with regard to the residuary real estate is to divide it into three equal parts, and to make proper conveyances thereof to the trustees of the several trust funds. It is true that this residuary real estate was charged with the trust legacy in her favor, and indeed with all the other legacies. But that gave her no mortgage, either as executrix or individually, upon this real estate, much less upon the rents and profits thereof. The charge is in favor of her trustees, as trust legatees, and while they have a right to enforce this charge to the extent of the unpaid balance of principal, there is no necessity for the application to this purpose of the rents and profits. For, by the decree already referred to, it was adjudged that the residuary real estate was worth at least the sum of $1,500,000 over and above the incumbrances thereon. There would certainly be no equity, therefore, in any action brought to enforce this charge, to impound the rents of property worth

nearly five times as much as the lien. It seems clear, therefore, that neither Mrs. Stevens, as executrix, nor her individual trustees have any right to interfere with the rents and profits of the residuary real estate.

The plaintiffs, as trustees of one-third of this residuary real estate for the testator's daughter, Mrs. Melcher, have properly brought this action to have the liens and charges thereon cleared off and the residuary devise to them effectuated. Their right to one-third of the rents and profits follows their right to one-third of the fee in trust for Mrs. Melcher. They are, therefore, entitled to restrain the unauthorized collection of these rents and also to restrain the unauthorized leasing of the property. The former act is an infringement of their rights as trustees and of the rights of the other trustees; and the latter tends to embarrass the proceedings in the action and to interfere with the sale upon final judgment.

The plaintiffs' acquiescence in Mrs. Stevens' past acts does not alter the legal status. That acquiescence was probably excusable while anything remained due for interest on the unpaid balance of the trust legacy; but, in view of the decree adjudging that all such interest was paid to May 1, 1887, and that on that day Mrs. Stevens actually owed the estate $83,611.73; in view also of the admission already pointed out, that she has since collected $93,000 of rents, the plaintiffs were bound to revoke any passive authority which may have been acquired by their acquiescence. That they have done by instituting this action and by praying, in their complaint, for an injunction against renting or leasing the real estate or collecting or receiving the rents thereof. It would be grossly inequitable to deny their legal rights in the premises, now that the residuary estates are not in any wise indebted to Mrs. Stevens, and that the rents thereof are not needed to afford her full interest upon the entire trust legacy.

The learned judge at Special Term placed his decision upon three grounds: *First.* That the granting of the motion would be in effect to remove the executrix; *second,* that the facts set forth in the moving papers were denied; and, *third,* that irreparable injury was not shown. The first ground involved a misconception of the relief sought. The plaintiffs do not ask the court to restrain any act which Mrs. Stevens has a right as executrix to perform. It is not an interference with her executorial functions to direct that she shall not

infringe upon the rights of others by possessing herself of that to which, as executrix, she has no right. She is not thereby removed nor shorn of any of her lawful functions. The court simply exercises its power to regulate and control her action under well-settled principles. (See *Wood* v. *Brown*, 34 N. Y. 337.)

The second ground overlooked the consideration that the material facts in support of the injunction were adjudicated by the decree of November 5, 1891, already referred to. The respondent insists that this judgment should not be given conclusive force upon this motion, for the reason that both parties have appealed from it and that the present respondent — appellant there — has given an undertaking to stay proceedings on her appeal therefrom. The effect of this undertaking, however, is only to stay the execution of the judgment. It cannot affect the findings as conclusive evidence against her, so long as they are unreversed. Nor does the counter appeal of the present plaintiffs alter the situation. This is not the case of a party accepting the fruit of a judgment and then appealing therefrom. That principle has nothing to do with the force and effect of the judgment while unreversed. The question here is one of evidence, and there can be no doubt that, notwithstanding the appeal, both parties are now bound by the findings and adjudication.

Nor are the general rules with regard to insolvency, irreparable injury and *laches* here applicable. Whether Mrs. Stevens be solvent or insolvent, whether the plaintiffs have permitted her to infringe upon the rights of their *cestuis que trusts* or not, is quite immaterial. The question here is one of right, and the injunction should not be denied merely because the plaintiffs have failed to check Mrs. Stevens sooner, nor because she may be able ultimately to account for rents to which the trustees are, and to which she is not, entitled.

The order should be reversed and the injunction granted, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Order reversed and injunction granted, with costs.