JOHN J. SULLIVAN, as Surviving Trustee under the Last Will and
Testament of JOHN J. WORDEN, Deceased, Respondent, v. GEORGE
RINGLER & COMPANY, Appellant.   (Action No. 4.)

*A judgment, appealed from, is still res adjudicata.*

A judgment between the same parties on the same subject-matter is *res adjudi-
cata,* notwithstanding that an appeal from such judgment has been taken
therefrom and an undertaking given to stay execution thereon.

APPEAL by the defendant, George Ringler & Company, from a
judgment of the Supreme Court in favor of the plaintiff, entered
in the office of the clerk of the county of Kings on the 18th day
of May, 1901, upon the decision of the court rendered after a trial
before the court without a jury at the Kings County Trial Term, a
jury having been waived.

*J. Aspinwall Hodge, Jr.,* for the appellant.

*J. J. Sullivan* [*De Witt Bailey* with him on the brief], for the
respondent.

GOODRICH, P. J.:

The only question involved in this appeal is whether a judgment
between the same parties on the same subject-matter is *res adjudicata*
after an appeal from the judgment has been taken and an
undertaking given to stay execution.

This question must be decided in the affirmative, on the authority
of *Parkhurst* v. *Berdell* (110 N. Y. 386), where (at p. 392) it was
said: "As it appears to have been material to establish in this
action some of the matters adjudicated in that in favor of Mrs.
Parkhurst, it was competent for her to establish them by the judg-
ment-roll introduced in evidence.   But that judgment was rendered
in September, 1878, and before the trial of this action an appeal
had been taken to the General Term.   That is all that appeared
upon the trial of this action.   But the appeal did not suspend the
operation of the judgment as an estoppel."   (See, also, similar

doctrine declared in *Stevens* v. *Stevens*, 69 Hun, 332, 336, and *Sage* v. *Harpending*, 49 Barb. 174.)

The judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.