(109 N. W. 57.)

---

THE MOLINE PLOW COMPANY V. SYLVESTER D. BOSTWICK AND JENNIE H. BOSTWICK.

Opinion filed October 30, 1906. Rehearing denied December 4, 1906.

**Rescission of Sale Contract — Return of Rents.**

> 1. Rescission of a sale contract, where a party takes possession of land thereunder, cannot be effectually made without returning or offering to return the rents received under the contract.

**Appeal — Presumptions.**

> 2. This court cannot presume the existence of facts not contained in the record of the case.

Appeal from District Court, Walsh county; *Kneeshaw*, J.

Action by the Moline Plow Company against Sylvester D. Bostwick and Jennie H. Abbott. Judgment for defendants, and plaintiff appeals.

*W. J. Burke* and *Spalding & Stambaugh,* for appellant.

Appellant is only required to make a good title, at the time when, under the term of his agreement, or the equities of the case, he is to make the conveyance, to entitle him to the consideration. Andrews v. Babcock, 26 Atl. 715; Arnett v. Smith, 11 N. D. 63, 88 N. W. 1037.

A wrongdoer cannot make extreme vigilance and promptitude conditions of the rescission of a contract. Pence v. Langdon, 99 U. S. 578, 25 L. Ed. 420.

*Myers & Myers,* for respondent.

A party to rescind must act promptly. Rev. Codes 1899, section 3934, par. 1.

Accounting for rents by vendee seeking rescission, both in law and equity, is essential as establishing the original status quo between the parties. 29 Am. & Eng. Enc. Law, 652; Warvelle on Vendors, vol. II, page 885; Thompson v. Lee, 31 Ala. 292; Bryant v. Boothe, 30 Ala. 311; Walker v. Sedgwick, 8 Cal. 398; Gates v. McLean, 11 Pac. 489; Worley v. Nethercott, 25 Am. Rep. 209, 27 Pac. 767; Florence Oil Co. v. McCandless, 28 Pac. 1084; Martin v. Atkinson, 50 Am. Dec. 403; LaCoure v. Dupre, 55· N. W. 129; Wood v. Wheeler (N. C.) 11 S. E. 590; McIndoe v. Norman, 26 Wis. 288, 7 Am. Rep. 96; Burwell v. Sollock (Tex.) 32 S. W. Rep. 844.

KNAUF, J. This action was brought to quiet title to the lands hereinafter described, and is of the statutory form. The defendant Sylvester D. Bostwick and the defendant Jennie H. Abbott, having each answered therein, a statement of the facts was agreed upon by counsel for the respective parties, and is fully set out in the abstract, and, so far as necessary to the decision of this action, shows the following facts: On February 1, 1900, said Bostwick and one Reynolds, the then owners, respectively, of the fee simple title to the lots and lands hereinafter described, entered into an agreement under which said Bostwick agrees to deed to said Reynolds lots 9, 10 and 11, in block 27, in Bathgate, N. D., and to reduce a $1,000 mortgage against lots 11 and 12 in said block, and theretofore executed by said Bostwick to one Sands, to the sum of $500, and leave the same as a mortgage lien against said lot 11 only, which mortgage said Reynolds agreed to assume.

As a consideration of the foregoing agreement and transfer, said Reynolds agrees to deed to said Bostwick the E. ½ of section 28, in township 131, in range 63, Dickey county, N. D., theretofore incumbered by a mortgage of $500 to one Jennie H. Abbott, which mortgage said Bostwick agreed to assume. Said Reynolds was to perfect title to said lot 10, for which Bostwick was to pay $10. Said Bostwick and Reynolds each agreed to furnish the other with a complete abstract of title to said premises, showing clear title, within one year, except the $500 mortgage aforesaid, each to pay all taxes on his property up to and including the 1899 tax. Under the agreemnt said Bostwick and said Reynolds were to, and did, execute deeds to each other as agreed for their respective properties, which, together with the memoranda of agreement as above set forth, were placed with I. J. Foster, to be held by him in escrow until the full performance of their respective agreements, when each deed was to be delivered to the grantee therein named. Time is not made the essence of the contract, and no method of cancellation is provided therein. Each of said parties immediately entered upon and took possession of the properties by each to be deeded to the other, which possession was openly held and continued until November 25, 1902, at which time the said Reynolds vacated the said Bathgate lots and premises. By mortgage and deed said Moline Plow Company acquired and holds the right, title and interest which the said Reynolds held in said Dickey county lands on November 29, 1902. The said Moline Plow Company was not an innocent purchaser or holder of said Dickey county lands, but had notice of the rights of said Bostwick. On or about the 25th day of November, 1902, the said F. W. Reynolds discovered that the said Sylvester D. Bostwick had executed a mortgage on the Dickey county lands to one Jennie H. Abbott for $500, and also ascertained that the said Sylvester D. Bostwick did not pay the delinquent taxes against the Bathgate property hereinbefore described, and did not, prior to November 1, 1902, reduce the mortgage, so as to leave only $500 against lot 11, and thereupon tendered to the said Sylvester D. Bostwick the key to the said buildings so occupied by the said F. W. Reynolds, and offered to return said property and everything of value which he had received from him under the contract hereinbefore mentioned, and notified the said Sylvester D. Bostwick that he rescinded said agreement and vacated the prop-

erty, all of which the said Bostwick refused to accept. Reynolds did not on November 25, 1902, and did not at any other time, pay or account, or offer to account, to said Bostwick for the rent received on the said Bathgate premises. At the time Reynolds took possession of the Bathgate property, it had thereon a building, of which, during his possession, the lower part was used as a storeroom wherein said Reynolds conducted the sale of machinery, and the upper portion of which, fitted for office and living rooms, was rented to tenants who attorned to Reynolds therefor. Said Reynolds held possession of said Bathgate lots from February 1. 1900, till November 25, 1902, and said Bostwick held possession of said Dickey county lands during the same period, on which lands there existed a tract of 50 acres tilled and some hay meadow.

On the trial of this action on the facts as stipulated and agreed, the learned court below caused judgment to be entered in favor of the defendants, requiring the said Reynolds deed to be delivered to said Bostwick by said Foster on or before November 21, 1905, upon the said Bostwick's furnishing a proper abstract of title to said Bathgate lots, showing clear title to said lots 9 and 11, and the tax title to said lot 10, free and clear of all incumbrances except a $500 mortgage lien and taxes accruing thereon since January 1, 1900, and upon the performance of those conditions by the said Bostwick the said Foster was required to deliver to said Bostwick the deed to the said Dickey county lands, and the title to the said Dickey county lands be thereupon quieted in the said Bostwick, his heirs and assigns, as against the Moline Plow Company, the plaintiff, and its successors and assigns, and that, upon such compliance by the said Bostwick, the said deed by the said Reynolds to one Tibbits and a mortgage by the said Reynolds to the said Moline Plow Company be declared null and void and without further effect, and thereupon the Moline Plow Company be foreclosed, debarred, and enjoined from asserting any interest, claim or demand to the said Dickey county lands, and that the pre-existing mortgage against said lands in favor of said Abbott be adjudged a valid, subsisting and paramount lien against said Dickey county lands, and, in the event of a failure on the part of said Bostwick to comply with the terms of said judgment as therein required, that the said contract entered into by said Reynolds and Bostwick should be thereafter null and void and abrogated, and the title thereto be then quieted in the said

Moline Plow Company. From this judgment the plaintiff appealed, and this action is brought before this court on a trial de novo, under section 7229, Rev. Codes 1905.

On the question, did Reynolds, under the facts stipulated and set forth in this case, on November 25, 1902, rescind the contract then existing between him and Bostwick? We are of the opinion, and hold, that he did not. He tendered to Bostwick the "key to the building occupied by him, and offered to return everything of value he had received under the contract therein mentioned," except that he did not account for, and has not accounted for, or offered to account for, the money collected from tenants for the use thereof, and for which said tenants had attorned to Reynolds. Counsel for appellants contend that the rents of the Dickey county lands should be held to offset the rents and occupation of the Bathgate property, and cite Kicks v. Bank, 12 N. D. 576, 98 N. W. 408, as authority. In the action at bar there is no showing that there were any rents received, and no showing that there was any rental value, to the Dickey county lands, while the facts do show that there was some rental value, and some rent received, of and for the Bathgate property. The facts in Kicks v. Bank are not analogous to the facts in this case, and that decision does not apply here. In that case there was a sufficient showing that the interest or use of the actual money paid on the land contract was the equivalent of the use of the lands in that particular case. This court will not presume the existence of facts not in the record of the case, and therefore cannot hold that said Dickey county lands produced any rent, or had a rental value equal to the rent received from the Bathgate property. To so hold would be to read something into the agreed facts and record not placed therein by the parties. The facts in this case show that Reynolds did receive from the premises rent, under the contract in question, which he did not account for, offer to account for, or offer or pretend to offer to Bostwick when the attempted rescission of said contract was made. To rescind a contract, one must, under our statute, account for everything of value received by him, or restore or offer to restore the same, under the contract. Section 5380, Rev. Codes 1905. And this value may be rents. Am. & Eng. Enc. Law, vol. 29, p. 652 (e) (and numerous authorities cited in note 1.)

Other questions were presented, but the decision on the question of rescission is decisive of this action, and therefore the other matters are immaterial. The decision of the court below is affirmed, and the respective parties are granted a period of thirty days, after the filing of the remitittur herein with the clerk of the district court of Walsh county, within which to comply with the conditions set forth in the judgment appealed from.

With the above directions as to performance, the judgment of the district court is affirmed.

MORGAN, C. J., concurs. ENGERUD, J., absent and not participating.