## SULLIVAN v. BROMLEY.

If a tender of a second payment agreed to be made by the purchaser was necessary in an action by him to recover an amount paid when the contract of sale was executed, the burden was on him to show such tender.

In view of Civ. Code, § 1126, providing that if one party to an obligation give notice to the other, before the latter is in default, that he will not perform, the other may enforce the obligation without offering to perform any conditions on his part, where the purchaser of land was not bound to make a second payment before accepting the deed, he was not in default before a deed had been accepted or tendered so as to require him to tender the second payment to entitle him to recover a payment made when the contract was executed, on the vendor's refusal to perform.

Under the direct provisions of Civ. Code, §§ 1283, 1285, if the vendor's consent to the contract was obtained through fraud, he could rescind therefor only by restoring to the purchaser everything of value he had received from the latter under the contract.

(Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Spink County. Hon. CHARLES S. WHITING, Judge.

Action by Patrick Sullivan against N. P. Bromley. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Affirmed.

*N. P. Bromley,* for appellant.

HANEY, J. The complaint and answer each contains an alleged copy of the written contract on which this action is founded. Such copies, as printed in the abstract, differ in several particulars. The abstract does not contain a copy of the original instrument, which was received in evidence as "Exhibit A," and which is alluded to in the following language: "Exhibit A is set up fully in the pleading herein; it being the contract executed hereto for the sale of the land." The phrase "the pleading" being as applicable to the complaint as to the answer, it will be assumed the former contains a true copy of the contract as it appeared when introduced in evidence. It was executed July 6, 1907. Though the language employed is vague and uncertain in some respects, consideration of the entire instrument leaves no room for doubt as to the intention of the parties when it was executed. By its terms defendant engaged to sell, and plaintiff engaged to buy, the land described therein for the agreed price of $15,360. The latter was to pay $575 when the contract was executed. The sale was to be consummated November 15, 1907. On or before that time defendant was to furnish an abstract showing

merchantable title in his own name and a warranty deed conveying title to the plaintiff. The plaintiff was to pay $475, execute and deliver notes in specified sums, payable at specified dates, aggregating in amount the balance of the purchase price secured by mortgage on the purchased premises, and to assign and deliver to the defendant as additional security a mortgage for $2,900 on land formerly owned by the plaintiff in Canada; no reference being made to the indebtedness secured by the last-mentioned mortgage. The complaint purports to contain two causes of action stated in separate counts. On the first plaintiff sought to recover $575, paid when the contract was executed, and $50, paid to the defendant at the same time to be expended in repairs on buildings situated on the purchased premises. On the second he sought to recover damages for defendant's failure to convey. The defendant, in his answer, in effect denies all the allegations of the complaint; alleges the execution of a contract the same in most respects as that set out in the complaint; alleges that the plaintiff falsely represented the Canadian mortgage to be a first lien, whereas it was, in fact, a second lien; that the plaintiff knew such representations were false, and that the defendant relied thereon; and by way of counterclaim seeks to recover damages for the plaintiff's alleged failure to perform the contract on his part. At the close of all the evidence the court, on plaintiff's motion, directed a verdict in his favor for the amount claimed in the first count of the complaint, with interest from July 6, 1907. Judgment having been accordingly entered, and defendant's motion for a new trial denied, this appeal was taken.

As no evidence was offered in support of several material allegations of the counterclaim, and plaintiff recovered only on his first cause of action, the issues relating thereto alone require attention.

The learned circuit court did not err in excluding evidence offered by the defendant to prove that the plaintiff did not tender the second payment mentioned in the contract. If a tender was necessary, the burden was on plaintiff, who had not attempted to prove one. But none was necessary in view of all the evidence as.

it stood then and at the close of the trial. These facts were undisputed: Plaintiff paid defendant $575, according to the terms of the contract on the day it was executed, and $50, to be expended as alleged in the complaint. Subsequently, defendant, in letters to plaintiff's attorneys, insisted upon a modification of the contract on the ground that the additional security offered by the plaintiff was a second instead of a first lien on the Canadian land. At the same time the plaintiff, through his attorneys, advanced the claim that the contract had been altered after its execution in respect to the application of the proceeds of the Canadian security. One of defendant's letters contained this statement: "I shall never deed this land on a thousand dollar payment and a mortgage back on the land, for the simple reason I shall want to sell the mortgage. I can't do that because it will be too near the value of the land. It is not necessary for me to hammer this proposition further, because you can see the justice of the situation just as well as I can. If Sullivan is an honest man, let him give me security that I can handle." During the pendency of this controversy defendant forwarded abstracts of title to the land embraced by the contract and assignments of the Canadian mortgages to be executed by the plaintiff, notwithstanding he continued to insist upon different additional security from that described in the contract. On or about November 13, 1907, the plaintiff came to Redfield, where the defendant resided, for the purpose of closing the transaction. Several attempts to accomplish that purpose culminated in failure on the 16th. As to the final attitude of the defendant, a witness, on behalf of the plaintiff, testified as follows: "The statement was that you absolutely refused to convey this land for the payment of the additional $475, and an assignment of the Canadian mortgages, and that you waived any further tender in performance of that contract." This testimony was admitted to be true by the defendant as a witness on his own behalf. By the terms of the contract the plaintiff was not required to make the second payment before accepting a deed, and he was not required to accept a deed before November 15, 1907. No deed had been accepted or tendered. The plaintiff was not in default. "If a party to an obligation gives notice to another, before the latter is

in default, that he will not perform the same upon his part, and does not retract such notice before the time at which performance upon his part is due, such other party is entitled to enforce the obligation without previously performing, or offering to perform, any conditions on his part, in favor of the former party." Rev. Civ. Code, § 1126.

The contention that the court erred in excluding evidence offered by the defendant to prove that he was induced to enter into the contract by reason of false representations as to the nature of the Canadian security is not tenable. Assuming the allegations of fraud in the answer to be sufficient and true, that the security offered by the plaintiff was a second lien on the Canadian land, and that the defendant, by reason of the fraud, was justified in refusing to perform the contract, still the plaintiff would be entitled to recover the amounts paid to the defendant. If defendant's consent was obtained through fraud, he could rescind only by restoring to the plaintiff everything of value which he had received from him under the contract. Rev. Civ. Code, §§ 1283, 1285.

It follows that the learned circuit court did not err in directing a verdict in favor of the plaintiff for the amounts claimed in the first count of the complaint.

Its judgment and order denying a new trial are affirmed.

WHITING, P. J., taking no part in the decision.