depleted by details to outside work. I think this act did not discharge from obedience all policemen during their "time off." Seven hours of drill in a year seems reasonable, in order to maintain police discipline and efficiency.

Hence I vote to confirm.

_____

(84 Misc. Rep. 557)

### SWEENEY v. NASSAU ELECTRIC R. CO.

(Supreme Court, Special Term, Kings County. March, 1914.)

1. STATUTES (§ 47*)—STATUTORY PROVISIONS—COMPLETENESS.

While in Judiciary Law (Consol. Laws, c. 30) § 480, added by Laws 1913, c. 603, providing that "if in an action * * * for a personal injury * * * an attorney having or claiming to have a lien * * * who shall have appeared for the person" having or claiming the right of action no settlement or adjustment shall be valid unless consented to by the attorney or approved by the court, the conditional clause is incomplete, the legislative intent is sufficiently indicated, and the defect may be remedied by inserting "there is" before "an attorney" in the quoted portion.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 47; Dec. Dig. § 47.*]

2. CONSTITUTIONAL LAW (§ 276*)—DEPRIVATION OF LIBERTY TO CONTRACT.

The right of a plaintiff of full age and sound mind, however ignorant, to settle an action as he pleases, is a property right protected by the Constitution, of which the Legislature cannot deprive him by making its exercise subject to the approval of his attorney or the court, though it may limit his power to settle the action for the protection of his attorney's claim for services.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 845, 846; Dec. Dig. § 276.*]

3. COMPROMISE AND SETTLEMENT (§ 2*)—STATUTORY REGULATION.

Judiciary Law (Consol. Laws, c. 33) § 480, added by Laws 1913, c. 603, relative to settlements of actions for personal injuries without the consent of plaintiff's attorney or an order of the court, was not intended to protect ignorant plaintiffs from settlements induced by unscrupulous defendants, but to protect attorneys from collusive settlements by their clients, and did not apply where it did not appear that the attorney had or claimed any lien, that defendant had notice of any such claim, or that plaintiff was not willing to satisfy his attorney's claim.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 1–4; Dec. Dig. § 2.*]

Action by Patrick Sweeney against the Nassau Electric Railroad Company. On demurrer to a defense in the answer. Demurrer overruled.

Joseph F. Maguire, of Brooklyn, for plaintiff.
George D. Yeomans, of Brooklyn, for defendant.

SCUDDER, J. Plaintiff, by an attorney, commenced an action against defendant to recover damages for personal injuries. Defendant in its answer pleaded as a defense that subsequent to the service of the summons the plaintiff, for valuable consideration, executed an instrument releasing and discharging defendant from liability upon

_____

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the cause of action set up in the complaint, and that such settlement or adjustment was made without the consent of plaintiff's attorney. To this defense plaintiff, by his attorney, demurred, on the ground that it was insufficient in law.

[1] The demurrer is based upon section 480 of the Judiciary Law, a new section added to the Judiciary Law by Laws 1913, c. 603. This section reads as follows:

"Sec. 480. Settlement of Actions for Personal Injury. If, in an action commenced to recover damages for a personal injury, or for death as the result of a personal injury, [there is] an attorney having or claiming to have a lien for services performed or to be performed who shall have appeared for the person or persons having or claiming to have a right of action for such injury or death, no settlement or adjustment of such action shall be valid, unless consented to in writing by such attorney and by the person or persons for whom he shall have appeared, or approved by an order of the court in which such action is brought."

The conditional clause which constitutes the first portion of the sentence of which this section is composed is defective in that the predicate is omitted. The language employed, however, sufficiently indicates the legislative intent to enable the court to remedy the defect by construction. The words "there is" in brackets in the above quotation have been inserted by me to indicate my understanding of what the Legislature intended.

[2, 3] It was not the purpose of the Legislature in passing this act to protect ignorant plaintiffs from being prevailed upon by unscrupulous defendants to settle meritorious causes of action for inadequate amounts. A plaintiff of full age and sound mind, however ignorant he may be, cannot be deprived of his right to settle an action as he pleases. Such right is incident to his absolute ownership of the cause of action. It is a property right protected by the Constitution, and the Legislature is without power to deprive him of such right by making its exercise subject to the approval of his attorney or of the court.

It is within the power of the Legislature, however, to protect the claim of plaintiff's attorney for services performed, or to be performed, in such an action by limiting plaintiff's power to settle the action.

Both the common law and the courts in the exercise of their equitable powers seek to secure to an attorney his fees and costs. By the common law an attorney by commencing an action acquires no lien on the cause of action. The lien only arises after judgment. But where before judgment the parties make a settlement of the action collusively for the purpose of defrauding the attorney out of his costs, the courts have been accustomed to intervene and to protect the attorney by permitting him to proceed with the action, and, if he is able to establish a right to recover on the cause of action as it originally stood, to permit such recovery to the extent of his costs in the action. Randall v. Van Wagenen, 115 N. Y. 527, 532, 22 N. E. 361, 12 Am. St. Rep. 828; Coughlin v. N. Y. C., etc., R. R. Co., 71 N. Y. 443, 27 Am. Rep. 75. The courts, however, recognize the plaintiff's right to control the management of his own cause, and to

determine when the litigation shall cease, provided he is willing and able to satisfy his attorney's just claims. Lee v. Vacuum Oil Co., 126 N. Y. 579, 27 N. E. 1018.

Section 480 of the Judiciary Law is to be construed in the light of the law as it stood at the time of its enactment. It is apparent from language of this statute that its purpose is to protect attorneys who conduct personal injury and death cases from collusive settlements by their clients. By its terms it is only when the attorney has or claims to have a lien that his consent in writing or the approval of the court is necessary to the validity of the settlement.

This construction of the statute disposes of plaintiff's demurrer. It does not appear from the defense demurred to that the settlement which it sets up is within the statute. It is not alleged therein that plaintiff's attorney has, or claims to have, a lien for services, or that defendant had notice of any such claim, or that plaintiff is not willing and able to satisfy his attorney's just claims.

Demurrer overruled, with costs.