LOVELY, County Constable, Appellant, v. WANGSNESS, et al, Respondents.

(264 N. W. 195.)

(File No. 7822. Opinion filed December 21, 1935.)

*A. J. Keith,* of Sioux Falls, for Appellant.

*G. J. Danforth, Jr.,* and *Danforth & Davenport,* all of Sioux Falls, for Respondents.

POLLEY, J. In this action the defendant recovered a judgment against the plaintiff for the sum of $2, and costs in the sum of $21 on a counterclaim in an action then pending in the municipal court of Sioux Falls. Thereafter, plaintiff went to defendant and paid defendant the sum of $2, the amount of said judgment exclusive of costs. Upon the payment of said sum, defendant executed and acknowledged a satisfaction in full of the said judgment, which satisfaction was filed with the clerk of the said court.

Thereafter, upon an affidavit made by one of the defendants, the court issued an order to show cause why the said satisfaction should not be set aside and the judgment reinstated. Upon the hearing of said order, the court made an order setting aside the satisfaction and reinstating the judgment in full force, except that the $2 that had been paid by plaintiff when the judgment was satisfied was allowed as a credit on the amount of the judgment. From this order plaintiff appeals.

The proceeding on the part of the defendants to reinstate the judgment was an attempt to rescind the satisfaction of the judgment by them; and it is the contention of the plaintiff, that before they were entitled to rescind, even though the satisfaction were obtained by fraud, they must restore to plaintiff the amount he had paid to obtain the satisfaction. This, they did not do, nor did they claim any excuse whatever for not doing.

The subject of rescission is provided for by our statute. Section 906, R. C. 1919, so far as applicable, reads as follows: "He must rescind promptly, upon discovering the facts which entitle him to rescind. * * * He must restore to the party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so."

In Lee v. Vacuum Oil Co., 126 N. Y. 579, 27 N. E. 1018, 1019, the New York Court of Appeals, in a case directly in point, say: "The rule is elementary that a party cannot rescind a contract for fraud without acting promptly on discovery of the fraud, and restoring whatever has been received upon it." Gould v. Bank, 86 N. Y. 75. And see, also, Sullivan v. Bromley, 26 S. D. 147, 128 N. W. 586; Clapp v. Mines Co., 33 S. D. 123, 144 N. W. 721; Mankey v. Hoyt, 27 S. D. 561, 132 N. W. 230; Western Town Site Co. v. Lamro Town Site Co., 31 S. D. 47, 139 N. W. 777; Moline Plow Co. v. Bostwick, 15 N. D. 658, 109 N. W. 923. Respondent did not comply with the law entitling him to rescind, and the court erred to appellant's prejudice in making the order appealed from, and it is unnecessary to consider other assignments in the record.

The order appealed from is reversed.

All the Judges concur.