## GOLDFARB v. WRIGHT.
### No. 216.

Circuit Court of Appeals, Second Circuit.
April 10, 1943.

Peter J. Haberkorn, of New York City, for creditor-appellant Fannie Goldfarb.

Irving L. Rollins, of New York City, for bankrupt-appellee Harold Everett Wright.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

189

AUGUSTUS N. HAND, Circuit Judge.

On May 16, 1931, Wright was adjudicated a bankrupt upon his voluntary petition. He scheduled four creditors with aggregate claims of $19,407.70, one of whom was the appellant, Fannie Goldfarb, who held a judgment against him for $15,137.35. Her husband, Max Goldfarb, also held a judgment for $3,637.35. Both judgments arose out of an automobile accident. On October 21, 1931, the Goldfarbs compromised these judgments for $4,500 and on receipt of that sum delivered satisfactions and general releases of their claims to the bankrupt. The other two scheduled creditors, who only had claims totalling $633, were paid off by the bankrupt. Fannie and Max Goldfarb gave written consents to the dismissal of the bankruptcy proceeding simultaneously with their delivery of the satisfactions of their judgments and the releases of their claims.

On May 6, 1932, Judge Campbell made an order vacating the adjudication dismissing the petition in bankruptcy and proceedings based thereon and directing the trustee to turn over to Wright all property and assets of the bankrupt in his possession. The bankrupt had set forth in his schedules of assets 1,000 shares of the capital stock of the Cataract Brewing Company and had stated therein that these shares had no value. Pursuant to the order of the District Judge the trustee returned to the bankrupt assets totalling $4,500.95, which the former had received as trustee.

In June, 1933, Wright brought an action in the New York Supreme Court against Canavan, Leggett, Thibaudeau and Doelger and obtained a judgment against them for $130,415.32, which he compromised for $50,000, paying his attorneys $25,000 from the $50,000 for their services. The action was for alleged fraudulent representations by the defendants upon the sale of the 1,000 shares of stock of the Brewing Company. Wright testified at the trial in the State Court that they had said to him in June, 1930, and on numerous subsequent occasions: "Just be patient, as soon as the market picked up they would return me my money." The amount of the judgment represented the $84,714 paid for the stock and over nine years interest.

On August 4, 1942, Fannie Goldfarb filed her petition in the District Court alleging that the compromise of her claim against

Wright was procured by fraud, in that the bankrupt had concealed the value of the 1,000 shares of stock at the time of filing his voluntary petition in bankruptcy and schedules, for the reason that he was at the time expecting payment from Canavan, Leggett, Thibaudeau and Doelger of the moneys they had obtained from him by fraud and had testified at the trial in the State Court that shortly prior to filing his petition in bankruptcy those men had repeatedly assured him that they would repay the sum of $84,714, and had actually paid him $50,000 in settlement of his claim. Because of these fraudulent representations Fannie Goldfarb prayed in her petition (1) that the order dismissing the bankruptcy proceeding should be vacated, (2) that her consent to the dismissal of the bankruptcy proceeding should be annulled and (3) that the proceeding should be opened for administration of the unadministered assets.

The bankrupt filed an answering affidavit in which he set forth that the judgments on which the claims of Fannie Goldfarb and her husband were founded had been settled for, $4,500 and the claims released; that Fannie Goldfarb had not tendered or restored the $4,500 paid by way of compromise and finally that because her claim had been released she was not a creditor. The bankrupt also set forth that Fannie Goldfarb and her husband had sued Wright in the New York Supreme Court alleging his concealment in the bankruptcy proceedings of his claim for $84,714 against Canavan, Leggett, Thibaudeau and Doelger, and also alleging that the Goldfarbs were induced to satisfy their judgments and compromise and release their claims against him for only $4,500, that Wright should be entitled to a credit upon the judgments of $4,500 and that their consents to the dismissal of the bankruptcy proceedings, their satisfactions of the judgments and their general releases should be adjudged void and cancelled. Wright thereupon moved in the New York Supreme Court to dismiss the Goldfarbs' complaint as insufficient on its face and on September 5, 1942, Justice O'Brien rendered the following decision: "Goldfarb v. Wright—Motion by defendant to dismiss under Rule 106 is granted. The complaint is dismissed upon the merits and the clerk accordingly directed to enter judgment in favor of the defendant against the plaintiff dismissing the complaint, with costs. Upon the facts pleaded and assumed to be true, the plaintiff did not tender the amount paid under the contract of settlement and seek to rescind the contract for fraud. Upon the facts as pleaded no cause of action can be sustained until such tender is made, as it is apparent that the status quo of the defendant cannot be had. Here the plaintiffs would hold the fruits of the contract which they claim is of no effect because of the alleged fraud and yet affirmatively uphold it by retaining the fruits thereof. The general rule applicable is that a party who seeks to rescind a contract into which he has been induced to enter by fraud must restore to the other party whatever he has obtained by virtue of the contract. The facts here indicate that this rule should be applied. Gould v. Cayuga County Nat. Bank, 86 N.Y. 75, 80; Cobb v. Hatfield, 46 N.Y. 533. The exceptions to the rule urged by plaintiffs and the cases cited in support of plaintiffs' theory cannot be sustained. Upon the facts here the dismissal upon the merits is warranted. Lee v. Vacuum Oil Co., 126 N.Y. 579, 27 N.E. 1018."

From the foregoing opinion it appears that the State Court decided that the Goldfarbs had no right to avoid their releases and the satisfactions of their judgments, because they failed to tender back to Wright the $4,500 paid by way of settlement. The decision, though rendered on the pleadings, and not after a trial, was nevertheless on the merits. Consequently it is res judicata as to the right of the Goldfarbs to rescind. New York Civil Practice Act, § 482. Brick v. Cohn-Hall-Marx Co., 283 N.Y. 99, 104, 27 N.E.2d 518. The court did not allow an amendment of the complaint, nor has a second suit been begun remedying the adjudged defect of failure to make a tender. It, therefore, makes no difference that the judgment was rendered on demurrer and not after a trial. Joannes Brothers Co. v. Lamborn, 237 N.Y. 207, 209, 142 N.E. 587; Gould v. Evansville, etc., R. Co., 91 U.S. 526, 533, 23 L.Ed. 416; Bouchard v. Dias, 3 Den., N.Y., 238, 244. It may be suggested by the appellant that the decision was not res judicata because an appeal has been taken. But so long as the judgment remained unreversed an appeal would not prevent the decision against the claim of the Goldfarbs to avoid their releases from being res judicata. Stevens v. Stevens, 69 Hun 332, 23 N.Y.S. 520; Bell v. Bell City Ct., 17 N.Y.S.2d 692, affirmed 258 App.Div. 871, 16 N.Y.S.2d 1018.

Under the circumstances it seems clear that the appellant is not a creditor. She not only has released her claim and delivered a satisfaction of her judgment against Wright but has been defeated in her suit in the State Court to set aside the release and satisfaction. It is unnecessary to discuss the merits of the decision by Justice O'Brien from which an appeal has been taken, since (so long as it stands unreversed) it is binding on us.

The appellant criticises the decision in Lee v. Vacuum Oil Co., 126 N.Y. 579, 27 N. E. 1018, cited in the opinion of Justice O'Brien in Goldfarb v. Wright, and argues that it does not apply to a case, like the present, where the party seeking to avoid a settlement on the ground of fraud would under all circumstances be entitled to retain the consideration, either because of the contract sought to be set aside or in partial satisfaction of the original judgment. Gilbert v. Rothschild, 280 N.Y. 66, 72, 19 N.E.2d 785, 134 A.L.R. 1; E. T. C. Corp. v. Title Guar. & Trust Co., 271 N. Y. 124, 128, 2 N.E.2d 284, 105 A.L.R. 999. But these are considerations to be urged before the State Appellate Court and not here. Upon the record as it is, the order denying the petition of the appellant must be affirmed.

It follows from what has been said that the appellant can only succeed if the judgment of the State Court in Goldfarb v. Wright is reversed. Should the Goldfarbs obtain a reversal and, upon a new trial in the State Court, secure a judgment holding the releases and satisfactions void, and in effect reinstating the judgments against Wright, they could then proceed to have execution against him. But if there should be a reversal, we think the appellant in the present proceeding would also have the alternative remedy of applying to the Bankruptcy Court to have the question of fraudulent representations determined there and to have the order setting aside the adjudication and dismissing the petition annulled and the estate reopened on the ground that it had not been fully administered. Section 11(8) of 11 U.S.C.A. governs such a situation both as subdivision 8 stood under the old Bankruptcy Act and as it now appears in the Chandler Act. First National Bank v. Lasater, 196 U.S. 115, 25 S.Ct. 206, 49 L. Ed. 408.

Whether there would be any advantage in an application to the Bankruptcy Court to vacate the order dismissing the bankruptcy proceeding and reinstate the adjudication, as compared with going on in the State Court to have the releases and satisfaction pieces set aside, we need not determine, but we shall not preclude the appellant from applying to the Bankruptcy Court if, upon her appeal, she should be successful in removing the bar of the present judgment of the State Court.

The order of the District Court is affirmed but without prejudice to the renewal by Fannie Goldfarb of her application in the event that the judgment of the Supreme Court of the State of New York dismissing her complaint against Wright, and now on appeal, should be reversed.